**PLAZA NATIONAL BANK, Appellant,**

v.

**Dianne G. WALKER and Haywood Walker, III, as Next Friend for Beth Walker, a Minor, Appellees.**

**No. 09 88 028 CV.**

Court of Appeals of Texas, Beaumont.

March 16, 1989.

Rehearing Denied April 5, 1989.

Walter D. Snider, Beaumont, for appellant.

Jon B. Burmeister, Beaumont, for appellees.

## OPINION

DIES, Chief Justice.

Dianne Walker and Haywood Walker, III, as next friend of Beth Walker, sued Plaza National Bank alleging breach of contract, fraud, conversion, and violations of the Texas Deceptive Trade Practices Act. Following a jury verdict, judgment was entered for Plaintiffs Dianne Walker and Haywood Walker as next friend for Beth Walker against Defendant bank in the sum of $300 and $100, respectively, as actual damages, $20,000 as punitive damages, and attorneys' fees. From this judgment, the bank has appealed to this court.

■ Appellant's first point of error complains of the trial court's failure to instruct the jury regarding "offset." [1] Appellant went to trial on a general denial. "Offset" was not pled. *TEX.R.CIV.P. 94.* But more significantly, the issues submitted and damages awarded related to Beth and Dianne; Haywood was acting only as next friend, and any offset the bank had as to Haywood would be immaterial as to Beth or Dianne. This point is overruled.

■ Point of error number two maintains that the trial court erred in submitting a special issue regarding "implied obli-

1. The requested instructions follow:
    "You are instructed that a bank is entitled to offset past due notes against the depositor's general account and unmatured notes against the depositor's account where the depositor is insolvent. You are further instructed that insolvency of the depositor is defined as a debtor's failure or refusal to pay his debts in the due course of business.
    "You are instructed that a bank, as respects a general deposit, has a right to appropriate the deposit to or toward the liquidation of a debt from the depositor to the bank. The bank's right to offset funds in the customer's account against indebtedness of the customer to the bank is of an equitable nature, intended for the bank's protection. Such right is optional with the bank and, in any event, if the depositor's indebtedness arises on a past due note, the bank is authorized by law to resort to the depositor's account. The bank's rights against the account of the depositor is exercisable at any time."

gation of good faith and fair dealing" because such a "cause of action" is not recognized by Texas courts. The recent case of *Arnold v. Nat'l County Mutual Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987), creates a duty of good faith and fair dealing upon a showing of a special relationship between the parties. We hold that such a relationship exists between a bank and its depositor. This point is overruled.

■ Point of error number three complains of an instruction given by the court. Appellant made no objection to the charge in this regard and, therefore, waived the point. *TEX.R.CIV.P. 272; Morgan v. Letellier*, 677 S.W.2d 165, 167 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). This point is overruled.

■ Point of error number four states: "The trial court erred in submitting special issues pursuant to Texas Consumer Protection Deceptive Trade Practices Act (D.T.P.A.) in that plaintiffs were not 'consumers' under the Act." We have no quarrel with Appellant's assertion that Plaintiffs had the burden to establish their status as "consumers." *See Kennedy v. Sale*, 689 S.W.2d 890, 893 (Tex.1985); *Farmers & Merchants State Bank of Krum v. Ferguson*, 617 S.W.2d 918, 919 (Tex.1981).

In its argument, Appellant focuses on whether Haywood Walker was himself a consumer of the bank, discussing his credit arrangement with the bank and various accounts in his name. However, Haywood Walker's status is not in issue. As stated above, he was acting only as the best friend of Beth, his daughter. The real issue is whether Dianne and Beth were "consumers" under the DTPA as mere depositors with the bank. Appellant misapplies the holding in *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169 (Tex.1980). That case held that a person who seeks *solely* credit, *i.e.*, use of money, from a bank is not a "consumer" under the DTPA. It had nothing to do with a person who was a depositor of any kind with the bank. In fact, our supreme court has held that "[t]he services provided by a bank in connection with a checking account are within the scope of the DTPA." *La Sara Grain*

*Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 564 (Tex.1984). The record shows that both Dianne's and Beth's accounts were savings accounts. Although not checking accounts, the services associated with these accounts are sufficiently similar to fall under the DTPA. Thus, Plaintiffs are consumers under the Act. This point of error is overruled.

■ Point of error number five states: "The trial court erred in submitting issues pursuant to [the DTPA] in that Plaintiffs failed to allege and prove that written notice of the D.T.P.A. claim was properly presented...." The petition on which Plaintiffs went to trial alleged "that all conditions precedent to Plaintiffs['] recovery herein have been performed or have occurred." Appellant bank failed to specifically deny the notice; hence, Plaintiffs were not required to prove it. *TEX.R.CIV. P. 54*. This point is overruled.

■ Points of error six and seven attack the legal and factual sufficiency of the evidence to support the finding of actual damages. The jury had before it interest lost from 6.5% to 8%. Using the highest figure, the interest would have been $385.96. We, therefore, reform the actual damages to that amount.

■ Points of error eight, eight-A and eight-B all complain of the award of $20,000 in exemplary damages. At the request of Appellant, the court gave a thorough definition which included the requirements of exemplary damages. Of course, exemplary damages must also be reasonably proportioned to the amount of actual damages. *Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981). The reasonableness of any particular award is to be measured on a case by case basis. *Tatum v. Preston Carter Co.*, 702 S.W.2d 186, 188 (Tex.1986). We think that the award of $20,000 is excessive by $10,000. If Plaintiffs file a remittitur of $10,000 within ten days of the date of this opinion, the cause will be affirmed; otherwise, it will be reversed and remanded. *TEX.R.APP.P. 85(c)*.

Appellant has one other point which is without merit, and it is overruled.

The judgment of the trial court is affirmed as reformed by this opinion.