COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-030-CV
  
  
CAROLE A. FAULKNER                                                           APPELLANT
  
V.
  
AMERICAN STONE, INC.                                                           APPELLEE
  
  
------------
 
FROM THE 352ND DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        In 
four points, Appellant Carole A. Faulkner appeals a judgment following a trial 
to the bench, alleging that the trial court erred by failing to grant her a 
directed verdict at the close of American Stone’s case on its claims for 
breach of contract, conspiracy, and breach of fiduciary duty and by awarding 
attorney’s fees to American Stone. We affirm.
II. Background
        This 
is the case of the bartering barrister. American Stone operates a store in Fort 
Worth, Texas for the sale of building and landscape stone. Janice Majors managed 
the store between October 13, 2000 and March 15, 2002. In June 2001, Majors and 
Faulkner, an attorney, entered into a bartering arrangement, allowing Faulkner 
to receive building and landscape stones for her residence in exchange for 
personal legal services related to an adoption for Majors, who falsely 
represented herself to Faulkner as the owner of American Stone. Majors was not 
the owner, and American Stone did not authorize or approve the agreement.
        Faulkner 
signed an American Stone delivery request form, and eventually, American Stone 
delivered one hundred twenty-five tons of rock and building stones, having a 
retail sales value of at least $33,653.08, to Faulkner’s property. American 
Stone constructed a waterfall and waterway on Faulkner’s property utilizing 
the materials. Majors invoiced most of the materials by entering them into 
American Stone’s computer system and charging them to her account. However, 
American Stone did not authorize Majors or her husband, Johnny Majors, to charge 
materials to an open account in their names. A computer invoice did not 
accompany some of the material delivered to Faulkner’s property because Majors 
allowed materials to be transferred to Faulkner without being weighed or 
invoiced before leaving the stone yard. For example, Jeff Holder, an American 
Stone delivery driver, testified that he made at least three deliveries of 
material to the Faulkner property without weighing the materials or completing 
the paperwork before leaving the stone yard.
        In 
early 2002, American Stone terminated Majors’s employment. Upon discovering 
that large amounts of inventory were missing, American Stone went to 
Faulkner’s residence and determined that some of its missing inventory was 
located there. Majors did not pay American Stone for the items that she traded 
to Faulkner for legal services, nor did Faulkner pay American Stone for the 
materials she received.[2]
        As 
a result of the foregoing, American Stone sued Faulkner for the value of the 
materials delivered to her residence for which American Stone had not been paid. 
Following a bench trial, the trial court signed its judgment, awarding American 
Stone $33,653.08, $61,000 in attorney’s fees, and pre-and post-judgment 
interest. Because no findings of fact or conclusions of law were requested from 
the trial court, and because the judgment is silent on these issues, there is no 
record before this court as to which cause(s) of action form the basis of the 
trial court’s award of damages and attorney’s fees.
III. Standard of Review
        In 
a trial to the court in which no findings of fact or conclusions of law are 
filed, the trial court’s judgment implies all findings of fact necessary to 
support it. Pharo v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996). 
However, when a reporter’s record is filed, as has been done here, these 
implied findings are not conclusive, and an appellant may challenge them by 
raising both legal and factual sufficiency of the evidence. BMC Software Belg., 
N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002). When the implied findings 
of fact are supported by the evidence, it is our duty to uphold the judgment on 
any theory of law applicable to the case. Worford v. Stamper, 801 S.W.2d 
108, 109 (Tex. 1990); Point Lookout W., Inc. v. Whorton, 742 S.W.2d 277, 
278 (Tex. 1987). We must uphold the judgment regardless of whether the trial 
court articulates the correct legal reason for the judgment. See Harrington 
v. R.R. Comm'n, 375 S.W.2d 892, 895-96 (Tex. 1964); Conseco Fin. 
Servicing Corp. v. J & J Mobile Homes, Inc., 120 S.W.3d 878, 880-81 
(Tex. App.—Fort Worth 2003, pet. denied).
IV. Analysis
        A. Quantum Meruit
        In 
her first three points, Faulkner complains that the trial court erred by failing 
to grant her a directed verdict on the issues of breach of contract, conspiracy, 
and breach of fiduciary duty.  In the first sentence of Faulkner’s 
statement of the case, she informs us that this is a suit for “breach of 
contract, breach of fiduciary duty, conspiracy, conversion, and quantum 
meruit.”  Nowhere else in her briefing is the cause of action for quantum 
meruit mentioned, let alone discussed or analyzed.  Hence, there is no 
specific discussion as to why American Stone did not prevail under its claim of 
quantum meruit.  Therefore, even if one or more of her three points have 
merit, reversal is not warranted if the judgment was based on a cause of action 
other than breach of contract, conspiracy, or breach of fiduciary duty.
        In 
a single paragraph, Faulkner asserts that she is not liable to American Stone 
because she took the stone as a “bona fide purchaser for value and without 
notice of the rights, if any, of [p]laintiff.”  She does not provide this 
court with any discussion of how this defense may be applicable to any of 
American Stone’s causes of action and fails to cite to the record in her 
argument.  She cites to one case, Gerber v. Pike, 249 S.W.2d 90 
(Tex. Civ. App.—Texarkana 1952, no writ), a case that predates adoption of the 
Uniform Commercial Code in Texas, and also points the court to section 2.403 of 
the Texas Business and Commerce Code for the idea that a person with voidable 
title has power to transfer a good title to a good faith purchaser for value. Tex. Bus. & Com. Code Ann. § 2.403 
(Vernon 2004); Gerber, 249 S.W.2d at 90.  We will very liberally 
construe this one-paragraph argument to assert a defense to American Stone’s 
causes of action, including quantum meruit.
        In 
response to what we are considering to be an assertion of a bona fide purchaser 
defense against the quantum meruit cause of action, American Stone asserts that 
“Faulkner is not a bona fide purchaser because she received stolen 
stone.”  We agree.  It is well settled that one who purchases stolen 
property, no matter how innocently, acquires no title to the property; rather, 
title remains in the owner.  Tex. Diamond Int’l, Inc. v. Tiffany & 
Co., 47 S.W.3d 589, 592 (Tex. App.—San Antonio 2001, pet. denied); A. 
Benjamini, Inc. v. Dickson, 2 S.W.3d 611, 613 (Tex. App.—Houston [14th 
Dist.] 1999, no pet.); Olin Corp. v. Cargo Carriers, Inc., 673 S.W.2d 
211, 216 (Tex. App.—Houston [14th Dist.] 1984, no writ). In Olin, a 
jury found that Ragsdale was a bona fide purchaser for value of Olin’s 
fertilizer:
  
This court sustains [Olin’s] third point of error because this finding [of a 
bona fide purchaser for value] is immaterial to [Olin’s] right to recover the 
value of its stolen goods from the purchaser thereof.  One who purchases 
stolen property from a thief, no matter how innocently, acquires no title in the 
property; title remains in the owner.  The rule places the 
responsibility of ascertaining true ownership on the purchaser.  Appellee, 
Ragsdale, asserts that he falls within the exception to the common law rule that 
if an owner of property, by some act has vested the possession and right to the 
property apparently in the seller, he thereby estops himself from setting up a 
claim to the property as against the purchaser for value without notice.  
This exception does not apply to . . . Ragsdale, because there is no evidence 
that . . . the owner of the fertilizer, by some act vested possession and right 
to the property apparently in the sellers . . . . Although a seller may have 
possession and represents that he has title to the property, an innocent 
purchaser still cannot defend against the true owner, unless there has been 
someone [sic] affirmative act by the owner which either creates apparent 
authority to sell the property in the seller or clothes the seller with the 
indicia of ownership.
 
 
Olin, 
673 S.W.2d at 216 (citations omitted) (emphasis supplied).  The court goes 
on to find that the trial court’s judgment in favor of Ragsdale “was 
based upon an erroneous interpretation of the law that an owner cannot recover 
the value of his stolen property from a bonafide purchaser for value.”  
Id. at 217 (emphasis supplied).
        Faulkner 
does not argue that American Stone created apparent authority in Majors to trade 
the stone in question for personal legal services.  We are also unable to 
find any evidence in the record that American Stone took affirmative action to 
clothe Majors “with the indicia of ownership.”  Therefore, assuming 
that Faulkner is asserting that her claim of being a bona fide purchaser for 
value is a defense to the quantum meruit claim, it is without merit.  
Because the trial court’s award of damages may have been based on quantum 
meruit, and because we hold that the defense of bona fide purchaser for value is 
meritless, we overrule Faulkner’s first three points.
        B. Attorney’s Fees
        In 
her fourth point, Faulkner complains of the trial court’s award of 
attorney’s fees to American Stone.  Faulkner asserts that “[t]he only 
allowable basis for attorney’s fees which was plead [sic] by the [p]laintiff 
is breach of contract.”  Not so.  Attorney’s fees may be recovered 
in a suit founded on quantum meruit.  Olivares v. Porter Poultry & 
Egg Co., 523 S.W.2d 726, 732 (Tex. App.—San Antonio 1975, no writ).
        Faulkner 
also asserts that she is not liable for attorney’s fees because American Stone 
did not present its claim to her pursuant to Texas Civil Practice and Remedies 
Code section 38.002(2), which states that “[t]o recover attorney’s fees 
under this chapter: . . . (2) the claimant must present the claim to the 
opposing party or to a duly authorized agent of the opposing party . . . .“ Tex. Civ. Prac. & Rem. Code Ann. § 
38.002(2) (Vernon 1997).  Presentment is normally a step over which a 
presenter “must fall down, or else o’erleap for in [his] way it lies.”[3]  One way in which American Stone seeks to 
“o’erleap” this hurdle is by pointing out that it fulfilled the 
requirements of Rule 54 of the Texas Rules of Civil Procedure, as asserted in 
paragraph twenty-three of its first amended original petition, that “[a]ll 
conditions precedent to the institution or maintence of this suit have been 
performed or have occurred.” Tex. R. 
Civ. P. 54. It also seeks “recovery of its attorney’s fees and costs 
through trial and appeal, if any.”
        The 
condition precedent pleading of Rule 54 has been held applicable to DTPA 
(Deceptive Trade Practices—Consumer Protection Act) notice cases. Tex. R. Civ. P. 54; see White Budd 
Van Ness P’ship v. Major-Gladys Drive Joint Venture, 798 S.W.2d 805, 816 
(Tex. App.—Beaumont 1990, no writ), writ dism’d, 811 S.W.2d 541 (Tex. 
1991), cert. denied, 502 U.S. 861 (1991); Plaza Nat’l Bank v. Walker, 
767 S.W.2d 276, 278 (Tex. App.—Beaumont 1989, writ denied).  However, no 
cases have been cited or found discussing the applicability of Rule 54 to cases 
involving section 38.002 of the Texas Civil Practice and Remedies Code.[4] Tex. Civ. Prac. 
& Rem. Code Ann. § 38.002.
        As 
a prerequisite to filing suit and seeking damages under section 17.50 of the 
Business and Commerce Code, “a consumer shall give written notice to the 
person at least sixty days before filing the suit advising the person in 
reasonable detail of the consumer’s specific complaint and the amount of 
economic damages, damages for mental anguish, and expenses including attorney 
fees . . . .”  Tex. Bus. & 
Com. Code Ann. § 17.50 (Vernon 2002).  “[T]his statutory notice 
[under the DTPA] requirement is designed to afford the opportunity for presuit 
negotiations and settlement to avoid lengthening and costly 
litigations.”  Angelo Broad., Inc. v. Satellite Music Network, Inc., 
836 S.W.2d 726, 736 (Tex. App.—Dallas 1992, writ denied). Likewise, in order 
to recover attorney fees under section 38 of the Texas Civil Practice and 
Remedies Code, “the claimant must present the claim to the opposing party or 
to a duly authorized agent of the opposing party . . . .”  Tex. Civ. Prac. & Rem. Code Ann. § 
38.002(2).  Also, regarding this section, “[t]he purpose of the 
requirement for presentation of a claim is to allow the person against who[m] it 
is asserted an opportunity to pay a claim within 30 days after [he or she has] 
notice of the claim without incurring an obligation for attorney’s 
fees.”  Jones v. Kelley, 614 S.W.2d 95, 100 (Tex. 1981).  
Therefore, the similarity of language and purpose leads us to the conclusion 
that Rule 54 should equally be applied to claims for attorney’s fees under 
section 38.002 of the Texas Civil Practice and Remedies Code as it is to 
attorney’s fees under section 17.50 of the Texas Business and Commerce 
Code.  Tex. Civ. Prac. & Rem. 
Code Ann. § 38.002; Tex. Bus. & Com. Code Ann. § 17.50.  
Accordingly, “[w]hen such performances or occurrences have been so plead, the 
party so pleading same shall be required to prove only such of them as are 
specifically denied by the opposite party.” Tex. R. Civ. P. 54.  Such specific 
denial is absent in Faulkner’s answers, and therefore presentment was not an 
issue to be proven at trial.  We overrule Faulkner’s fourth point.
V. Conclusion
        Having 
overruled all Faulkner’s points, the judgment of the trial court is affirmed.
 
 
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and MCCOY, JJ.
 
DELIVERED: March 31, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
During this period, Faulkner also represented Lon Thomas, president of American 
Stone, in a unrelated legal matter.
3. 
“The prince of Cumberland!  That is a step on which I must fall down, or 
else o’erleap, for in my way it lies.”  William Shakespeare, Macbeth, act 1, sc. IV.  See 
Welch v. Gammage, 545 S.W.2d 223, 226 (Tex. Civ. App.—Austin 1976, writ 
ref’d n.r.e.).
4.  
American Stone cites White Budd Van Ness v. Major-Gladys Drive, as 
relevant to the section 38.002 issue, but its applicability is unclear.  
798 S.W.2d at 816.