Faulkner v. American Stone

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-030-CV

CAROLE A. FAULKNER APPELLANT

V.

AMERICAN STONE, INC. APPELLEE

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In four points, Appellant Carole A. Faulkner appeals a judgment following a trial to the bench, alleging that the trial court erred by failing to grant her a directed verdict at the close of American Stone’s case on its claims for breach of contract, conspiracy, and breach of fiduciary duty and by awarding attorney’s fees to American Stone.  We affirm.

II.  Background

This is the case of the bartering barrister.  American Stone operates a store in Fort Worth, Texas for the sale of building and landscape stone.  Janice Majors managed the store between October 13, 2000 and March 15, 2002.  In June 2001, Majors and Faulkner, an attorney, entered into a bartering arrangement, allowing Faulkner to receive building and landscape stones for her residence in exchange for personal legal services related to an adoption for Majors, who falsely represented herself to Faulkner as the owner of American Stone.  Majors was not the owner, and American Stone did not authorize or approve the agreement. 

Faulkner signed an American Stone delivery request form, and eventually, American Stone delivered one hundred twenty-five tons of rock and building stones, having a retail sales value of at least $33,653.08, to Faulkner’s property.  American Stone constructed a waterfall and waterway on Faulkner’s property utilizing the materials.  Majors invoiced most of the materials by entering them into American Stone’s computer system and charging them to her account.  However, American Stone did not authorize Majors or her husband, Johnny Majors, to charge materials to an open account in their names.  A computer invoice did not accompany some of the material delivered to Faulkner’s property because Majors allowed materials to be transferred to Faulkner without being weighed or invoiced before leaving the stone yard.  For example, Jeff Holder, an American Stone delivery driver, testified that he made at least three deliveries of material to the Faulkner property without weighing the materials or completing the paperwork before leaving the stone yard.

In early 2002, American Stone terminated Majors’s employment.  Upon discovering that large amounts of inventory were missing, American Stone went to Faulkner’s residence and determined that some of its missing inventory was located there.  Majors did not pay American Stone for the items that she traded to Faulkner for legal services, nor did Faulkner pay American Stone for the materials she received.
(footnote: 2) 

As a result of the foregoing, American Stone sued Faulkner for the value of the materials delivered to her residence for which American Stone had not been paid.  Following a bench trial, the trial court signed its judgment, awarding American Stone $33,653.08, $61,000 in attorney’s fees, and pre-and post-judgment interest.  Because no findings of fact or conclusions of law were requested from the trial court, and because the judgment is silent on these issues, there is no record before this court as to which cause(s) of action form the basis of the trial court’s award of damages and attorney’s fees.  

III.  Standard of Review

In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court’s judgment implies all findings of fact necessary to support it.  
Pharo v. Chambers County
, 922 S.W.2d 945, 948 (Tex. 1996).  However, when a reporter’s record is filed, as has been done here, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence.  
BMC Software Belg., N.V. v. Marchand
, 83 S.W.3d 789, 795 (Tex. 2002).  
When the implied findings of fact are supported by the evidence, it is our duty to uphold the judgment on any theory of law applicable to the case.  
Worford v. Stamper
, 801 S.W.2d 108, 109 (Tex. 1990); 
Point Lookout W., Inc. v. Whorton
, 742 S.W.2d 277, 278 (Tex. 1987).  We must uphold the judgment regardless of whether the trial court articulates the correct legal reason for the judgment.  
See Harrington v. R.R. Comm'n
, 375 S.W.2d 892, 895-96 (Tex. 1964); 
Conseco Fin. Servicing Corp. v. J & J Mobile Homes, Inc.,
 120 S.W.3d 878, 880-81 (Tex. App.—Fort Worth 2003, pet. denied).

IV.  Analysis

A.  Quantum Meruit

In her first three points, Faulkner complains that the trial court erred by failing to grant her a directed verdict on the issues of breach of contract, conspiracy, and breach of fiduciary duty.  In the first sentence of Faulkner’s statement of the case, she informs us that this is a suit for “breach of contract, breach of fiduciary duty, conspiracy, conversion, and quantum meruit.”  Nowhere else in her briefing is the cause of action for quantum meruit mentioned, let alone discussed or analyzed.  Hence, there is no specific discussion as to why American Stone did not prevail under its claim of quantum meruit.  Therefore, even if one or more of her three points have merit, reversal is not warranted if the judgment was based on a cause of action other than breach of contract, conspiracy, or breach of fiduciary duty.

In a single paragraph, Faulkner asserts that she is not liable to American Stone because she took the stone as a “bona fide purchaser for value and without notice of the rights, if any, of [p]laintiff.”  She does not provide this court with any discussion of how this defense may be applicable to any of American Stone’s causes of action and fails to cite to the record in her argument.  She cites to one case, 
Gerber v. Pike
, 249 S.W.2d 90 (Tex. Civ. App.—Texarkana 1952, no writ), a case that predates adoption of the Uniform Commercial Code in Texas, and also points the court to section 2.403 of the Texas Business and Commerce Code for the idea that a person with voidable title has power to transfer a good title to a good faith purchaser for value.  
Tex. Bus. & Com. Code Ann.
 § 2.403 (Vernon 2004); 
Gerber
, 249 S.W.2d at 90. We will very liberally construe this one-paragraph argument to assert a defense to American Stone’s causes of action, including quantum meruit.

In response to what we are considering to be an assertion of a bona fide purchaser defense against the quantum meruit cause of action, American Stone asserts that “Faulkner is not a bona fide purchaser because she received stolen stone.”  We agree.  It is well settled that one who purchases stolen property, no matter how innocently, acquires no title to the property; rather, title remains in the owner.  
Tex. Diamond Int’l, Inc. v. Tiffany & Co.
, 47 S.W.3d 589, 592 (Tex. App.—San Antonio 2001, pet. denied); 
A
. 
Benjamini, Inc. v. Dickson
, 2 S.W.3d 611, 613 (Tex. App.—Houston [14th Dist.] 1999, no pet.)
; 
Olin Corp. v. Cargo Carriers, Inc
., 673 S.W.2d 211, 216 (Tex. App.—Houston [14th Dist.] 1984, no writ).  In
 Olin
, a jury found that Ragsdale was a bona fide purchaser for value of Olin’s fertilizer:

This court sustains [Olin’s] third point of error because this finding [of a bona fide purchaser for value] is immaterial to [Olin’s] right to recover the value of its stolen goods from the purchaser thereof.  
One who purchases stolen property from a thief, no matter how innocently, acquires no title in the property; title remains in the owner. 
 The rule places the responsibility of ascertaining true ownership on the purchaser.  Appellee, Ragsdale, asserts that he falls within the exception to the common law rule that if an owner of property, by some act has vested the possession and right to the property apparently in the seller, he thereby estops himself from setting up a claim to the property as against the purchaser for value without notice.  This exception does not apply to . . . Ragsdale, because there is no evidence that . . . the owner of the fertilizer, by some act vested possession and right to the property apparently in the sellers . . . . Although a seller may have possession and represents that he has title to the property,
 an innocent purchaser still cannot defend against the true owner, unless there has been someone [sic] affirmative act by the owner which either creates apparent authority to sell the property in the seller or clothes the seller with the indicia of ownership.

Olin
, 673 S.W.2d at 216 (citations omitted) (emphasis supplied).  The court goes on to find that the trial court’s judgment in favor of Ragsdale “
was based upon an erroneous interpretation of the law that an owner cannot recover the value of his stolen property from a bonafide purchaser for value
.”  
Id. 
at 217 (emphasis supplied).

Faulkner does not argue that American Stone created apparent authority in Majors to trade the stone in question for personal legal services.  We are also unable to find any evidence in the record that American Stone took affirmative action to clothe Majors “with the indicia of ownership.”  Therefore, assuming that Faulkner is asserting that her claim of being a bona fide purchaser for value is a defense to the quantum meruit claim, it is without merit.  Because the trial court’s award of damages may have been based on quantum meruit, and because we hold that the defense of bona fide purchaser for value is meritless, we overrule Faulkner’s first three points.

B.  Attorney’s Fees

In her fourth point, Faulkner complains of the trial court’s award of attorney’s fees to American Stone.  Faulkner asserts that “[t]he only allowable basis for attorney’s fees which was plead [sic] by the [p]laintiff is breach of contract.”  Not so.  Attorney’s fees may be recovered in a suit founded on quantum meruit.  
Olivares v. Porter Poultry & Egg Co.
, 523 S.W.2d 726, 732 (Tex. App.—San Antonio 1975, no writ).  

Faulkner also asserts that she is not liable for attorney’s fees because American Stone did not present its claim to her pursuant to Texas Civil Practice and Remedies Code section 38.002(2), which states that “[t]o recover attorney’s fees under this chapter: . . . (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party . . . .“  
Tex. Civ. Prac. & Rem. Code Ann.
 § 38.002(2) (Vernon 1997).  Presentment is normally a step over which a presenter “must fall down, or else o’erleap for in [his] way it lies.”
(footnote: 3)  One way in which American Stone seeks to “o’erleap” this hurdle is by pointing out that it fulfilled the requirements of Rule 54 of the Texas Rules of Civil Procedure, as asserted in paragraph twenty-three of its first amended original petition, that “[a]ll conditions precedent to the institution or maintence of this suit have been performed or have occurred.”  
Tex. R. Civ. P.
 54.  It also seeks “recovery of its attorney’s fees and costs through trial and appeal, if any.”

The condition precedent pleading of Rule 54 has been held applicable to DTPA (Deceptive Trade Practices—Consumer Protection Act) notice cases.  
Tex. R. Civ. P.
 54; 
see White Budd Van Ness P’ship v. Major-Gladys Drive Joint Venture
, 798 S.W.2d 805, 816 (Tex. App.—Beaumont 1990, no writ)
, writ dism’d,
 811 S.W.2d 541 (Tex. 1991)
, cert. denied, 
502 U.S. 861 (1991); 
Plaza Nat’l Bank v. Walker
, 767 S.W.2d 276, 278 (Tex. App.—Beaumont 1989, writ denied)
.  However, no cases have been cited or found discussing the applicability of Rule 54 to cases involving section 38.002 of the Texas Civil Practice and Remedies Code.
(footnote: 4)  
Tex. Civ. Prac. & Rem. Code Ann.
 § 38.002.

As a prerequisite to filing suit and seeking damages under section 17.50 of the Business and Commerce Code, “a consumer shall give written notice to the person at least sixty days before filing the suit advising the person in reasonable detail of the consumer’s specific complaint and the amount of economic damages, damages for mental anguish, and expenses including attorney fees . . . .”  
Tex. Bus. & Com. Code Ann.
 § 17.50 (Vernon 2002).  “[T]his statutory notice [under the DTPA] requirement is designed to afford the opportunity for presuit negotiations and settlement to avoid lengthening and costly litigations.
”  Angelo Broad., Inc. v. Satellite Music Network, Inc.
, 836 S.W.2d 726, 736 (Tex. App.—Dallas 1992, writ denied).  Likewise, in order to recover attorney fees under section 38 of the Texas Civil Practice and Remedies Code, “the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party . . . .”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 38.002(2).  Also, regarding this section, “[t]he purpose of the requirement for presentation of a claim is to allow the person against who[m] it is asserted an opportunity to pay a claim within 30 days after [he or she has] notice of the claim without incurring an obligation for attorney’s fees.”  
Jones v. Kelley
, 614 S.W.2d 95, 100 (Tex. 1981).  
Therefore, the similarity of language and purpose leads us to the conclusion that Rule 54 should equally be applied to claims for attorney’s fees under section 38.002 of the Texas Civil Practice and Remedies Code as it is to attorney’s fees under section 17.50 of the Texas Business and Commerce Code.  
Tex. Civ. Prac. & Rem. Code Ann. § 38.002; Tex. Bus. & Com. Code Ann.
 § 17.50.  Accordingly, “[w]hen such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.” 
 Tex. R. Civ. P.
 54
.
  Such specific denial is absent in Faulkner’s answers, and therefore presentment was not an issue to be proven at trial.  We overrule Faulkner’s fourth point.

V.  Conclusion

Having overruled all Faulkner’s points, the judgment of the trial court is affirmed.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED:  March 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
During this period, Faulkner also represented Lon Thomas, president of American Stone, in a unrelated legal matter.

3:
“The prince of Cumberland!  That is a step on which I must fall down, or else o’erleap, for in my way it lies.”  William Shakespeare, 
Macbeth
, act 1, sc. IV.  
See Welch v. Gammage
, 545 S.W.2d 223, 226 (Tex. Civ. App.—Austin 1976, writ ref’d n.r.e.). 

4:
American Stone cites 
White Budd Van Ness v. Major-Gladys Drive
, as relevant to the section 38.002 issue, but its applicability is unclear.  798 S.W.2d at 816.