### DIRECT NAVIGATION COMPANY V. GEORGE ANDERSON.

#### Decided May 9, 1902.

**1.—Master and Servant—Assumed Risk.**

Where it was a part of the general duties of a servant to keep the deck of a tugboat clear of obstructions, and he was injured by reason of stepping on a siphon pipe left on the deck by another deck hand, he assumed the risk.

**2.—Same—Negligence—Fellow-Servant.**

Where plaintiff, a deck hand on a tugboat, was injured by stepping on a siphon which another deck hand had carelessly left lying on the deck,—it being the duty of the deck hands to keep the deck clear,—the negligence was that of a fellow-servant, and was also in a mere detail of the business, for which the owner of the boat was not responsible.

**3.—Same—Contributory Negligence.**

The danger resulting from plaintiff's act in stepping on the siphon pipe was one that he should have guarded against, and in failing to do so he was guilty of contributory negligence.

Error from Harris.  Tried below before Hon. Wm. H. Wilson.

*Baker, Botts, Baker & Lovett* and *A. L. Jackson,* for plaintiff in error.

*Brashear & Dannenbaum,* for defendant in error.

GARRETT, CHIEF JUSTICE.—This action was brought by George Anderson against the Direct Navigation Company to recover damages for personal injuries received by the plaintiff while in the employ of the defendant.  The plaintiff was a deck hand in a crew operating one of the defendant's tugs in towing barges on Buffalo Bayou between Houston and Galveston, and on October 5, 1900, at night, when the tug was was about to take a barge in tow at Houston, the captain in charge of the crew ordered the plaintiff to throw a line or rope onto the bit of the barge for that purpose and take a turn with it around the cavil of the tug, which was already in motion.  The plaintiff, as he was ordered to do, threw the eye of the rope over the bit and took a turn and a half with the rope around the cavil.  After he threw the eye over the bit he made a step with his left foot and put it on the end of a siphon pipe that happened to be lying on the fore deck of the tug and leaned forward to take the turn around the cavil, when his foot slipped off the end of the pipe into the coil of the rope that was being taken up by the moving of the tug, and the rope tightened around the cavil and caught his leg between the rope and the cavil and crushed it so that it had to

be amputated. The siphon was a metal pipe from eight to ten feet long, used by the deck hands for the purpose of pumping water out of the hold of the tug. When not in use the proper place was under the deck, but it was usually left lying on the deck, but not so far aft towards the cavil as it was at the time of the accident. The bit was a post or projection on the barge over which the rope was thrown when the barge was being taken in tow. The cavil was a cleat on the fore part of the tug to which the rope was made fast. It was a part of the plaintiff's duty as deck hand to keep the deck clear and see that the siphon was kept in its proper place. The cause was submitted by the court to a jury with the charge that it was the duty of the master to use ordinary care to have and maintain a reasonably safe place for the servant to work in, and upon the issue of negligence on the part of the defendant in that respect. A reversal of the judgment is sought upon the ground, among others, that if it was the duty of the plaintiff to clean up the deck and keep the siphon in its proper place, and if he neglected to do it and was injured by reason of such neglect, the defendant would not be liable, although the plaintiff may have been ignorant at the time of the presence of the siphon on the deck, such injury being directly connected with his specific duties and hence an ordinary risk. The evidence clearly shows that it was a part of the duties of the plaintiff to keep the deck clean and to keep the siphon pipe in its proper place. The siphon was an implement used by the deck hands, and in this instance it had been used and negligently left in the bow near the cavil by other servants of the defendant, and there was evidence from which the plaintiff's injuries could be attributed to such neglect. If it had not been a part of the plaintiff's duties to keep the siphon clear of the cavil and generally to clean up the deck, the danger from the presence of the siphon would not have been an assumed risk unless he should be charged with the risk of the negligence of a fellow-servant, or unless its being left on the deck was a mere detail of the work. But it being a part of his general duties to keep the deck clear, the plaintiff must be charged with the risk of such temporary obstructions as he was required to remove as of a risk ordinarily incident to his employment, although owing to the darkness, he did not see the siphon and was not aware of its presence. Railway v. McNamara, 59 Texas, 258; Railway v. Taylor, 79 Texas, 104. He would be charged with knowledge, owing to the character of his duties when he went upon his watch, that the deck would likely be incumbered with rope, the siphon pipe, and such other implements as were in use in the operation of the tug, and although the deck hand whose watch preceded his, and by whose negligence the siphon was left in the way, might not have been under the statute a fellow-servant, yet all were equally charged with the duty of keeping the deck clear, and the presence of the siphon was a mere detail of the work temporary in its nature for which the defendant should not be held negligent. Armour v. Hahn, 111 U. S., 318. The evidence shows that the plaintiff knew that the siphon pipe was usually left on the fore part of the deck

and when he stepped upon it should have known what it was, and that he was not under the influence of terror or of any sudden emotion of the mind to prevent him from understanding the danger and exercising care by removing his foot to a safe place. His failure to do so brought about the dangerous condition without which the injury would not have occurred, and such being the case, he was not entitled to recover.

We are of the opinion (1) that from the facts in evidence the risk of danger from the presence of the siphon pipe near the cavil was one of the ordinary risks of the plaintiff's employment arising out of the fact that it was a part of his duties to see that the deck was kept clear; (2) the presence of the siphon pipe was a mere detail of the work, temporary in its nature, an implement left out of place by one of the servants in such a manner that the master could not be expected to know of its presence, especially since it was the duty of the plaintiff himself to remove it if found in the way; and (3) because the plaintiff knew, or by the exercise of ordinary care should have known, that it was the siphon or something that was not properly there that he had stepped upon, and was not acting under such terror or sudden emotion as to take away his presence of mind and prevent him from knowing the nature of the danger and exercising due care. We therefore reverse the judgment of the court below and remand the cause.

ON MOTION FOR REHEARING.

In the opinion heretofore filed giving the reasons of this court for the reversal of the judgment of the court below it was conceded that the deck hand Carlson, whose watch preceded Anderson's, might not have been under the statute his fellow-servant. This concession was improperly made because the statute (1 Sayles' Revised Statutes, article 4560f) does not apply to a corporation engaged in navigation, and we are of the opinion that independently of the statute Anderson and Carlson were fellow-servants. Dallas v. Railway, 61 Texas, 196; Railway v. Welch, 72 Texas, 298; Railway v. Farmer, 73 Texas, 86; Railway v. Ryan, 82 Texas, 566; Douglas v. Railway, 63 Texas, 566; Railway v. Watts, 63 Texas, 551; Railway v. Rider, 62 Texas, 267; Railway v. Harrington, 62 Texas, 597.

Since they were fellow-servants the defendant would not be responsible for the negligence of Carlson in leaving the siphon pipe in such position as to cause Anderson to be injured. It is contended, however, that as it was the duty of defendant to furnish a safe place for the plaintiff to work in Carlson was not a fellow-servant of plaintiff in the performance of his duty to leave a clear deck, but the representative or alter ego of the defendant. The plaintiff testified that when the new deck hand came on watch the deck was supposed to be clear and to have been cleared by the deck hand next preceding him, and it is a fact in the case that it was the duty of the preceding watch to keep the deck clear and leave it clear. But the duty of defendant to furnish a safe place

to work does not extend to keeping the deck clear of tools and appliances used by its servants in the prosecution of their work, and the fact that the deck was supposed to be clear when a new hand went on watch was only to suppose that the preceding hand had done his duty. For the reasons heretofore given, as well as for the additional reason that the plaintiff was injured through the negligence of a fellow-servant, we adhere to the conclusion that the judgment of the court below was erroneous. After reconsideration, however, of the facts we have further concluded that under the undisputed evidence the plaintiff is not entitled to recover, and that the judgment should be here rendered in favor of the defendant. The plaintiff's motion for a rehearing will therefore be overruled, but the order of the court heretofore made remanding the cause for another trial will be set aside and judgment will be here rendered in favor of the plaintiff in error.

*Reversed and rendered.*

Writ of error refused.