Mel FOWLER, Appellant,

v.

ONE SEGUIN ART CENTER, Appellee.

No. A2720.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 27, 1981.

Rehearing Denied July 1, 1981.

Merlin Lester, Wright & Lester, Georgetown, for appellant.

W. C. Kirkendall, Seguin, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a take nothing judgment rendered against the plaintiff, Mel Fowler ("Fowler") in his suit for damages against One Seguin Art Center ("Art Center"). Fowler's sculpture was damaged by an Art Center employee while on exhibit at the Art Center. The jury found negligence of the Art Center proximately causing the damage to the sculpture and determined the damages to be $2,250.00 and attorney's fees to be $900.00. They also found, however, that Fowler knew or should have known of the limitation of liability clause placed in the Art Center's prospectus issued in connection with the exhibit in which Fowler included his sculpture. On this finding the court rendered a take nothing judgment, holding that the clause relieved the Art Center of liability for its own negligence. Fowler contends on appeal (1) that the limitation was legally insufficient to relieve the Art Center of liability for its own negligence and (2) that there was no finding and no evidence to support a finding that Fowler had actual knowledge of the clause. We reverse and render.

Prior to October, 1977, Fowler received a prospectus inviting him to participate in an art exhibition in Seguin, Texas. Not being interested at the time, he did not read the prospectus and discarded it. He was later personally contacted by a co-chairman of the exhibition and requested to enter a sculpture in the exhibition, which he agreed to do. In October, 1977, he delivered the sculpture, filled out a registration card, and hung the sculpture at the Art Center. The sculpture was broken during the exhibition when an employee of the Art Center struck the sculpture with his head. After requesting payment for the broken sculpture, Fowler was advised that the Art Center's liability disclaimer on the face of its prospectus absolved it from any liability for the damage. The clause reads:

LIABILITY

All precautions will be taken in handling the work submitted. The One Seguin Art Center, however, assumes no responsibility for loss or damage of paintings or sculpture.

Fowler contends that the clause fails as a matter of law to limit the Art Center's liability because it fails to specifically state that it is exempting itself from its own negligence. We agree. A bailee may by special contract limit his liability to a bailor and, so long as not contrary to public policy, the contract will be enforced according to its terms. Such a contract may relieve a bailee of all liability for his employee's lack of care, except for gross negligence, *Ablon v. Hawker*, 200 S.W.2d 265 (Tex.Civ.App.—Dallas 1947, writ ref'd n. r. e.) or fraud. *Direct Nav. Co. v. Davidson*, 29 Tex.Civ.App. 65, 74 S.W. 790 (1903, no writ). The express agreement of the parties determines the rights and liabilities arising from the bailment; and while the bailee may enlarge or restrict his liability, he may not do so by words of doubtful meaning. The intent to vary the liability imposed by law must clearly appear. *Sanchez v. Blumberg*, 176 S.W. 904 (Tex.Civ. App.—San Antonio 1915, no writ). A provision purporting to exempt the bailee from the exercise of even ordinary care with respect to the safety of property deposited with him will be strictly construed. In determining whether such a provision exonerates the bailee from liability for his own negligence, the provision must be clear and unambiguous, with a strict construction against such an intendment if any other meaning may reasonably be ascribed to the language employed. *Langford v. Nevin*, 117 Tex. 130, 298 S.W. 536 (1927); *Wichita City Lines v. Puckett*, 156 Tex. 456, 295 S.W.2d 894 (1956).

We agree with Fowler that the language of the provision fails to adequately advise the bailor of the risk the bailee is attempting to shift and is inadequate as a matter of law to limit the bailee's liability for his own negligence. The jury having answered all of the other issues in favor of Fowler, the judgment of the trial court must be reversed. Having reversed the judgment in favor of Fowler on his first point, it is unnecessary to consider his second point of error.

The jury having found damages in the amount of $2,250.00, we render judgment in that amount in favor of Fowler. Tex.R.Civ.P. 434. Fowler's recovery in the action being in negligence, he is not entitled to recover his attorney's fees under Tex. Rev.Civ.Ann. art. 2226 (Vernon Supp.1980).

The judgment of the trial court is reversed and rendered.