OLIN CORPORATION, Appellant,

v.

CARGO CARRIERS, INC., Roger Tinney and Pat Ragsdale, Individually and D/B/A T & R Trucking, Jerry Dollar, and Charles Flowers, Appellees.

No. C14–82–551CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 16, 1984.

Rehearing Denied April 12, 1984.

Murray Fogler, Fulbright & Jaworski, Michael A. Peters, Houston, for appellant.

Frank Caton, Crain, Caton, James & Womble, Nathan Hellums, Houston, Roger Tinney, Winsboro, for appellees.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Appellant, Olin Corporation, brought an action (1) against appellees, Jerry Dollar and Charles Flowers for conversion; (2) against appellee, Cargo Carriers, Inc. for breach of a bailment contract and negligence in caring for its goods; and (3) against appellees, Roger Tinney and Pat Ragsdale to recover the value of stolen goods. The case was tried to a jury which answered special issues favorable to the appellant. The trial court rendered judgment n.o.v. in favor of each of the appellees. We reverse and render judgment against all of the appellees, jointly and severally.

Olin Corporation, hereafter referred to as the plaintiff, in August of 1969 entered

into a contract with Cargo Carriers, Inc. for the storage and handling of plaintiff's fertilizer at a warehouse located on the Houston Ship Channel. The contract provides that Cargo shall be responsible for any loss of the plaintiff's property due to the negligence of Cargo, its employees, or agents.

Customers of the plaintiff arranged to purchase the fertilizer by contacting the plaintiff directly; then the plaintiff would communicate its authorization to Cargo to release the desired quantity and grade to the customer. Cargo had no authority to sell plaintiff's fertilizer without prior approval. In order for a customer of the plaintiff to receive the fertilizer from Cargo's warehouse, it was necessary for the customer's truck driver to be issued a blue loading card by the office personnel at Cargo, prior to the loading of the fertilizer. Each driver would take the blue loading card to the area designated for loading, and the Cargo employee would recognize such blue loading card as authorization to load the truck. Jerry Dollar, the superintendent of Cargo's warehouse, had independent authority to issue the blue cards.

In August of 1976, plaintiff received a tip from an informant that the plaintiff's fertilizer was being stolen from the Cargo warehouse. The informant was a driver for T & R Trucking which is owned by appellees Roger Tinney and Pat Ragsdale. The investigation of a person hired by plaintiff revealed that several loads of plaintiff's fertilizer were sold in 1976 by appellees, Jerry Dollar and Charles Flowers, to appellees, Roger Tinney and Pat Ragsdale, d/b/a T & R Trucking without the authorization of the plaintiff.

The thefts were accomplished in the following manner. Charles Flowers represented himself as owner of the fertilizer and then negotiated a sale of the fertilizer to Roger Tinney and Pat Ragsdale, d/b/a T & R Trucking. Jerry Dollar then wrongfully exercised his authority as superintendent of Cargo to release the fertilizer

whenever T & R Trucking came to the warehouse to take delivery.

In response to special issues the jury:

(1) Found that Jerry Dollar and Charles Flowers sold fertilizer belonging to plaintiff without plaintiff's authorization.

(2) Failed to find that Jerry Dollar made such sales in the course of his employment with Cargo Carriers;

(3) Found that during 1976 and/or 1977 Cargo Carriers, acting through its employees, was negligent in failing to preserve and protect the fertilizer entrusted to it by Olin;

(4) Found that such negligence was the proximate cause of damages to the plaintiff;

(5) Found that the market value of the fertilizer lost during 1976 and 1977 through the negligence of Cargo Carriers was $37,500.00;

(6) Found that the reasonable and necessary expenses incurred by plaintiff as a proximate result of the occurrences in question were $30,000.00;

(7) Found that Roger Tinney and Pat Ragsdale d/b/a T & R Trucking purchased fertilizer belonging to plaintiff without plaintiff's authorization; and

(8) Found that Roger Tinney and Pat Ragsdale were bona fide purchasers for value of the fertilizer sold by Charles Flowers.

The trial court, notwithstanding the verdict of the jury, rendered judgment that the plaintiff take nothing against each of the appellees.

■■■ The plaintiff's first point of error is that the trial court erred in overruling its motion for judgment on the verdict as to Dollar and Flowers and in sua sponte granting a judgment in favor of Dollar and Flowers. The trial court did err by granting judgment n.o.v. in favor of Dollar and Flowers because it had no power to do so absent a proper motion seeking such relief. Dollar and Flowers failed to appear at trial or file any motions with the court. Rule

301 of the Texas Rules of Civil Procedure provides as follows:

> The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that *upon motion* and reasonable notice the court may render judgment non obstante verdicto if a directed verdict would have been proper, ... (emphasis added)

Texas appellate courts have uniformly construed the motion requirement of Rule 301 to be jurisdictional. *Beal v. Great American Indemnity Co.*, 322 S.W.2d 399, 402 (Tex.Civ.App.—Texarkana 1959, no writ); *Dittberner v. Bell*, 558 S.W.2d 527 (Tex. Civ.App.—Amarillo 1977, ref. n.r.e.). There is sufficient evidence in the record to support the jury finding that Jerry Dollar and Charles Flowers sold fertilizer belonging to the plaintiff, without the plaintiff's authorization. The plaintiff has a right to recover from them for the conversion of its property. We hold the trial court erred in overruling plaintiff's motion for judgment as to appellees, Jerry Dollar and Charles Flowers. Plaintiff's first point of error is sustained.

■ The plaintiff's second point of error is that the trial court erred in overruling its motion for judgment against Cargo Carriers, Inc. and in granting Cargo Carriers' motion for judgment n.o.v. In this case the trial court had to disregard the jury findings of Cargo's negligence, proximate cause, and/or damages, in order to grant Cargo's motion for judgment n.o.v. The judgment of the trial court does not specify which finding was disregarded. A motion to disregard a jury finding may be granted only if the finding has no support in the evidence or the issue is immaterial. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966). Where the jury's answers to the special issues have any support in the evidence, the trial judge may not disregard the jury's answers. This is true even though the great weight and preponderance of the evidence may be to the contrary. *Gulf, Colorado & Sante Fe*

*Railway Co. v. Deen*, 158 Tex. 466, 312 S.W.2d 933 (1958), cert. denied, 358 U.S. 874, 79 S.Ct. 111, 3 L.Ed.2d 105 (1958). Every reasonable inference must be made in favor of the jury finding. *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547 (1962). The issue facing this court is whether there is any evidence in the record to support the jury findings on negligence, proximate cause, and damages.

■ We first consider the negligence issue. It must be pointed out that the jury finding of negligence cannot be supported by the conduct of Cargo's warehouse superintendent, Jerry Dollar. This is so because the jury failed to find that Jerry Dollar was acting in the course and scope of his employment when he sold the fertilizer without the plaintiff's authorization. An employer is not liable for the conduct of an employee which is outside the course and scope of his employment. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex.1971).

■ The trial court submitted the negligence issue broadly in accordance with Rule 277 of the Texas Rules of Civil Procedure. Therefore it cannot be determined what specific act or omission by Cargo Carriers, Inc., the jury considered negligent. It is the opinion of this court that evidence in this case shows acts and omissions by Cargo which a jury could reasonably find to be a failure to use ordinary care in preservation of the plaintiff's fertilizer. The evidence shows that five unauthorized sales occurred between April 28, 1976 and June 19, 1976. Cargo did not discover the unauthorized sales because Jerry Dollar, its warehouse superintendent, accomplished delivery of the fertilizer through the customary procedures of the company. Cargo Carriers gave Dollar independent authority to release the fertilizer for delivery. Cargo had no means by which to determine if Dollar was properly exercising this authority. The home office of Cargo was not able to discover that he was improperly releasing fertilizer from the inventory records sent to it by Dol-

lar. Although the records reflected a loss of fertilizer, the home office had no way to determine whether to attribute the loss to shrinkage of the fertilizer or to unauthorized sales. The plaintiff and Cargo contractually provided that Cargo would not be liable for any loss of fertilizer due to shrinkage up to two percent of the inventory.

From the evidence in this cause there are two bases upon which the jury could reasonably have found Cargo negligent. First, a reasonable jury could find that Cargo was negligent for placing independent authority for release of the fertilizer in one person, instead of requiring that the authority be shared between two or more persons. Clinton B. Odell, the executive officer in charge of Cargo Carriers' warehouse department, admitted during trial examination that it was desirable to have a security system designed so that at least two persons would have to be dishonest in order to have a successful theft. Second, a reasonable jury could find Cargo negligent for not providing a means to periodically check to see that its warehouse superintendent was properly exercising his authority over release of the fertilizer. Because there exists a reasonable basis established by the evidence upon which the jury could find Cargo negligent, their finding cannot be disregarded by the trial court. This holding cannot be challenged on the ground that there is no indication that the jury found Cargo negligent on the basis described above. We must review the record in the light most favorable to the jury findings and consider only the evidence and inferences which support them. *Williams v. Bennett,* 610 S.W.2d 144, 145 (Tex.1980).

There is evidence to support the jury finding that the negligence of Cargo was the proximate cause of the loss of plaintiff's fertilizer. A reasonable jury could find that Cargo's failure to divide authority over the release of the fertilizer or to supervise the authority granted was the proximate cause of the loss of the plaintiff's fertilizer. There is also evidence to support the jury finding on damages suffered by the plaintiff. Because there was evidence to support each of the jury findings which entitled the plaintiff to judgment against Cargo Carriers, Inc., the trial court erred in granting judgment n.o.v. in favor of Cargo.

The plaintiff contends that this court should render judgment against Cargo because the jury findings establish all the elements of its cause of action against Cargo. Cargo, however, contends that in the event of a reversal, this action should be remanded for a new trial because the jury findings are against the great weight and preponderance of the evidence. As discussed earlier in this opinion, there is sufficient evidence supporting the jury's findings on negligence, proximate cause, and damages. Cargo did not introduce any evidence which contradicted or refuted the evidence supporting the jury findings. In these circumstances there is no basis on which to remand the case.

Cargo also contends that the trial court correctly granted its motion for judgment n.o.v. because of an irreconcilable conflict in the jury's answers to the special issues. It should first be pointed out that the trial court does not have authority to grant judgment n.o.v. because of an irreconcilable conflict in the jury's answers. The correct procedure when there is an irreconcilable conflict on material issues is to grant a new trial. *Mossler Acceptance Co. v. Robinson,* 255 S.W.2d 914 (Tex.Civ. App.—Galveston 1953, writ ref'd n.r.e.).

Secondly, this court does not believe that there is a conflict in the jury's answers. The reasoning behind Cargo's contention is as follows: (1) The plaintiff judicially admitted in its final argument that only Jerry Dollar was responsible for the care of the plaintiff's fertilizer; (2) the jury failed to find that Dollar was acting in the course of his employment in making unauthorized sales; (3) therefore Cargo could not, as a matter of law, be negligent, and (4) this necessary conclusion conflicts with the jury finding that Cargo, acting through its employees was negligent. The

statements by plaintiff's attorney alleged to be a judicial admission were a recognition of the fact that Cargo delegated responsibility for the care of the fertilizer to one person, Jerry Dollar. This fact in no way affects the legal liability of Cargo for the negligence of Cargo employees other than Jerry Dollar. Although Cargo cannot be held vicariously liable for the acts of Jerry Dollar, this fact does not preclude the jury from finding that Cargo was negligent on some grounds independent of the acts of Jerry Dollar.

We hold the trial court erred in overruling plaintiff's motion for judgment as to Cargo Carriers, Inc., and plaintiff's second point of error is sustained.

■ Plaintiff's third point of error is that the trial court erred in not granting the plaintiff judgment against appellees Roger Tinney and Pat Ragsdale. The trial court appears to have based its holding on the jury finding that Roger Tinney and Pat Ragsdale were bona fide purchasers for value of the plaintiff's fertilizer. This court sustains plaintiff's third point of error because this finding is immaterial to the plaintiff's right to recover the value of its stolen goods from the purchasers thereof. One who purchases stolen property from a thief, no matter how innocently, acquires no title in the property; title remains in the owner. *Walker v. Caviness*, 256 S.W.2d 880 (Tex.Civ.App.—Texarkana 1953, no writ); See also, *Shaw's D.B. & L., Inc. v. Fletcher*, 580 S.W.2d 91 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). This rule places the responsibility of ascertaining true ownership on the purchaser.

■ Appellee, Ragsdale, asserts that he falls within the exception to the common law rule that if an owner of property, by some act has vested the possession and right to the property apparently in the seller, he thereby estops himself from setting up a claim to the property as against the purchaser for value without notice. *Willis v. S.L. Ewing Co.*, 348 S.W.2d 415, 417 (Tex.Civ.App.—Dallas 1961, no writ). This exception does not apply to appellees, Tinney and Ragsdale, because there is no evidence that the plaintiff, the owner of the fertilizer, by some act vested possession and right to the property apparently in the sellers, Flowers and Dollar. Although a seller may have possession and represents that he has title to the property, an innocent purchaser still cannot defend against the true owner, unless there has been some affirmative act by the owner which either creates apparent authority to sell the property in the seller or clothes the seller with the indicia of ownership. See, *Apeco v. Bishop Mobile Homes, Inc.*, 506 S.W.2d 711, 718–719 (Tex.Civ.App.—Corpus Christi 1974, no writ).

■ Appellee, Ragsdale, also asserts that he falls within the protection of section 2.403 of the Uniform Commercial Code as codified in the Texas Business and Commerce Code which provides in part:

(a) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value ...

(b) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.

(c) "Entrusting" includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law.

These provisions offer no relief to Ragsdale because (1) his seller, Flowers, did not have any title to the fertilizer, (2) the plaintiff never entrusted the fertilizer to Flowers, and (3) Flowers was not a merchant who dealt in the sale of fertilizer.

■ The trial court's judgment in favor of appellees, Roger Tinney and Pat Rags-

dale, was based upon an erroneous interpretation of the law that an owner cannot recover the value of his stolen property from a bona fide purchaser for value. Plaintiff, under the jury findings of this cause and a correct application of Texas law, is entitled to recover the value of its fertilizer purchased by the appellees. We hold the trial court erred in overruling plaintiff's motion for judgment against appellees Roger Tinney and Pat Ragsdale, individually and d/b/a T & R Trucking.

 We next consider whether appellant is entitled to recover attorney's fees against Cargo Carriers Inc. under Article 2226 of the Texas Revised Civil Statutes Annotated (Vernon Supp.1982–1983). Article 2226 allows recovery of attorney's fees in a suit founded upon a contract if proper presentment of the claim has been made. The parties have stipulated that written demand was received by Cargo Carriers, Inc. sufficient to comply with Article 2226. The issue facing this court is whether appellant's suit against Cargo Carriers, Inc. was a suit founded upon a contract. Plaintiff's petition states that its suit against Cargo Carriers, Inc. is for breach of a bailment contract and for negligence in caring for its goods. The contract between the parties expressly provides that Cargo shall be responsible for any loss of plaintiff's property due to the negligence of Cargo, its employees, or agents. Thus, while Cargo was liable under the common law of bailment for the negligent loss of plaintiff's property, it additionally assumed contractual liability for negligent loss. Because Cargo's liability arises from the contract, we conclude the plaintiff's suit is one which is founded on a written contract and plaintiff is therefore entitled to attorney's fees under Article 2226.

This holding is not in conflict with our opinion in *Fowler v. One Seguin Art Center*, 617 S.W.2d 763 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), that a common law bailment action for negligent care of property lies in negligence and is not an action founded upon contract under Article 2226. *Fowler* is distinguishable from the instant case in that the contract in *Fowler* did not expressly impose liability for negligent care of plaintiff's property. In *Fowler*, liability arose not from the contract, but from the common law duty of the bailee to exercise ordinary care for the goods. Thus, the plaintiff's actions in *Fowler* were founded on negligence rather than contract.

We reverse the trial court's judgment denying plaintiff any recovery and render judgment for plaintiff against appellees: Jerry Dollar, Charles Flowers, Cargo Carriers, Inc., Roger Tinney and Pat Ragsdale, individually and d/b/a T & R Trucking, jointly and severally, for the total damages found by the jury, sixty seven thousand five hundred dollars ($67,500), and post judgment interest at the rate of 9% per annum on $67,500 from June 17, 1982 until paid. June 17, 1982 is the date the trial court signed its take nothing judgment.

 Appellant requests in its brief on appeal prejudgment interest on the value of the lost fertilizer. We must deny this request because appellant failed to plead and pray for interest in its petition on which it went to trial. *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80 (Tex.1976); *Pickett v. J.J. Willis Trucking Co.*, 624 S.W.2d 664, 669 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

On the basis of the trial court's finding concerning reasonable attorney's fees, we hold that plaintiff is entitled to recover from Cargo Carriers, Inc. reasonable attorney's fees in the amount of thirty seven thousand two hundred dollars ($37,200) and an additional three thousand dollars ($3,000) if Cargo Carriers, Inc. makes application for writ of error to the Supreme Court of Texas and an additional two thousand dollars ($2000) if the application for writ of error is granted by the Supreme Court of Texas.