**Opinion filed August 28, 2009**



In The

# Eleventh Court of Appeals

---

## No. 11-08-00109-CR

---

**MELVIN TILLEY, Appellant**

V.

**STATE OF TEXAS, Appellee**

---

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16669B**

---

## MEMORANDUM OPINION

The trial court convicted appellant, Melvin Tilley, of robbery. The trial court found two prior felonies alleged for enhancement purposes to be "true" and sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty-five years. Appellant challenges his conviction in seven issues. We affirm.

*Background Facts*

The indictment charged appellant with the following conduct:

MELVIN TILLEY while in the course of committing theft of property and with the intent to obtain and maintain control of said property, did then and there intentionally

and knowingly cause bodily injury to JAMES DANE striking him on and about the head with his fist.

James Dane owned a bicycle. On May 19, 2007, Dane's acquaintance, "Mike," asked to borrow the bicycle to go to the store to get some beer. Dane permitted Mike to take the bicycle. However, Mike never returned the bicycle to Dane. Dane reported Mike's theft of the bike to the police on the following day.

The next day, Dane asked a man to alert him if the man saw anyone riding his bicycle. The man later told Dane that he thought he had found Dane's bicycle. Dane returned with the man to confirm that it was his bicycle. Dane subsequently agreed to give the man twenty-five dollars for the bicycle. Dane testified that, after he got on the bicycle to pedal away, appellant arrived at the scene in a pickup with three other men. Dane stated that appellant jumped out of the pickup and refused to let him have the bicycle. Appellant then placed some leather gloves on his hands and started hitting Dane in the face with his fists. After knocking appellant off the bicycle, appellant placed the bicycle in the pickup whereupon he told the driver "[l]et's go." Dane testified that he knew appellant and that appellant had previously offered to purchase the bicycle from him on several occasions.

Appellant offered a different version of the events. He testified that Fabian Brown came inside the house where appellant was staying and said that Dane was willing to pay $25 for the bicycle. Appellant testified that, a few minutes later, he observed Dane removing the bike from the inside of the house. Appellant told Dane that he had purchased the bicycle from Mike for ten dollars and that Dane could have the bicycle if he paid appellant ten dollars. Appellant testified that he held the bicycle by the seat while Dane held it by the handlebars as they tussled over the bicycle. Appellant subsequently punched Dane causing Dane to let go of the bicycle. Appellant denied arriving at the scene in a pickup. He also denied ever attempting to purchase the bicycle from Dane on previous occasions.

*Analysis*

Appellant challenges the legal and factual sufficiency of the evidence in his first five issues. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the

2

essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

A person commits robbery if he intentionally, knowingly, or recklessly causes bodily injury to another while committing theft with the intent to obtain or maintain control of the property. TEX. PENAL CODE ANN. § 29.02(a)(1) (Vernon 2003). A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of that property. TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2008).

Appellant asserts in Issue No. 1 that the evidence establishes that he was the owner of the bicycle rather than Dane. "Owner" includes a person who has (I) title to the property, (ii) possession of the property, whether lawful or not, or (iii) a greater right to possession of the property than the actor. TEX. PENAL CODE ANN. § 1.07(35)(A) (Vernon Supp. 2008). "Possession" is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(39) (Vernon Supp. 2008). Any person who has a greater right to the actual care, custody, control, or management of the property than the defendant can be alleged as the "owner." *Alexander v. State*, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988).

Appellant contends that Dane did not have a greater right to possession of the bicycle at the time of the assault based upon his alleged purchase of the bicycle from Mike, the presence of the bicycle at the house where he was staying, and the fact that both he and Dane had possession of the bicycle at the time of the assault. We disagree. One who purchases stolen property from a thief, no

3

matter how innocently, acquires no title in the property; title remains in the owner. *Olin Corp. v. Cargo Carriers, Inc.*, 673 S.W.2d 211, 216 (Tex. App.—Houston [14th Dist.] 1984, no writ). Accordingly, a property owner's rights are superior to any rights of a subsequent possessor who has purchased stolen property. *Sharpe v. Turley*, 191 S.W.3d 362, 366 (Tex. App.—Dallas 2006, pet. denied). Furthermore, based upon Dane's version of the events, he had actual possession of the bicycle as he was attempting to pedal away when appellant struck him. Appellant's Issue No. 1 is overruled.

Appellant asserts in Issue No. 3 that the evidence is legally insufficient if a bona fide dispute exists as to the ownership of the property. This is a correct statement of the law. *See Hann v. State*, 771 S.W.2d 731, 733 (Tex. App.—Fort Worth 1989, no pet.) (In a theft case of personalty, a conviction cannot be upheld if ownership of the property is disputed between the complaining witness and the defendant.). However, it is not applicable to the facts in this case. There is not a bona fide dispute over the ownership of the bicycle between Dane and appellant because appellant did not acquire ownership of the bicycle by allegedly purchasing it from the person that stole it from Dane. Appellant's Issue No. 3 is overruled.

In Issues Nos. 2a and 2b, appellant contends that the evidence is legally and factually insufficient to establish that a theft occurred. As noted previously, a person commits theft if he unlawfully appropriates property with the intent to deprive the owner of that property. Section 31.03(a). In the context of this appeal, "appropriate" means to acquire or otherwise exercise control over property other than real property. TEX. PENAL CODE ANN. § 31.01(4)(B) (Vernon Supp. 2008). Citing TEX. PENAL CODE ANN. § 31.03(b)(2) (Vernon Supp. 2008), appellant contends that he could not have unlawfully appropriated the bicycle because there is no evidence that he knew it was stolen at the time that he acquired it from Mike. We disagree. Section 31.03(b)(2) is not the exclusive means by which an appropriation of property becomes unlawful. TEX. PENAL CODE ANN. § 31.03(b)(1) (Vernon Supp. 2008) provides that an appropriation of property is unlawful if it is without the owner's effective consent. There is ample evidence in this case that appellant seized the bicycle from Dane's actual possession without Dane's effective consent. The fact that appellant struck Dane in the face with his fists in order to obtain the bicycle is evidence that appellant appropriated the bicycle without Dane's consent. Moreover, appellant's testimony that he purchased

4

the bicycle from Mike without any knowledge that Mike stole it from Dane is wholly dependent upon appellant's credibility. As the factfinder, the trial court was free to reject appellant's testimony in this regard. Appellant's Issues Nos. 2a and 2b are overruled.

Appellant asserts in Issue No. 4 that he was justified in using force to prevent Dane from taking the bicycle. TEX. PENAL CODE ANN. § 9.41(b) (Vernon 2003) provides:

> (b) A person unlawfully dispossessed of land or tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to reenter the land or recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and:
>
> (1) the actor reasonably believes the other had no claim of right when he dispossessed the actor; or
>
> (2) the other accomplished the dispossession by using force, threat, or fraud against the actor.

A defendant has the burden of producing some evidence to support a claimed defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). If the defendant produces that evidence, the State bears the burden of persuasion to disprove the raised defense. *Id*. The burden of persuasion does not require that the State produce evidence; it requires only that the State prove its case beyond a reasonable doubt. *Id*. A defense is a fact issue to be determined by the factfinder who is free to accept or reject the defensive issue. *See Saxton v. State*, 804 S.W.2d 910, 913-14 (Tex. Crim. App. 1991). A guilty verdict is an implicit finding rejecting a defendant's defensive theory. *Id*. In reviewing a challenge to the legal and factual sufficiency of the evidence to support the factfinder's rejection of a defense to prosecution, we use the same standards used in reviewing the sufficiency of the evidence to support a verdict of guilt, looking at the sufficiency of the evidence to support both the verdict as well as the rejection of the defense. *Zuliani*, 97 S.W.3d at 595 (factual sufficiency standard); *Saxton*, 804 S.W.2d at 914 (legal sufficiency standard).

In order to prevail on his defense of property theory, appellant would have had to establish that he was unlawfully dispossessed of the bicycle when Dane attempted to pedal away on it. Under appellant's version of the events, he was a purchaser of stolen property. The reacquisition of the property by the owner in this instance from the purchaser of stolen property is not unlawful.

5

Furthermore, appellant would also have had to establish either that he reasonably believed that Dane had no claim of right to the bicycle when he attempted to reacquire it or that Dane used force, threat, or fraud ro reacquire the bicycle. As noted previously, appellant's beliefs regarding Dane's continued interests in the bicycle were credibility issues for the factfinder to resolve. Lastly, there is no evidence that Dane used force, threat, or fraud against appellant in his attempt to reacquire the bicycle. Accordingly, appellant's Issue No. 4 is overruled.

Appellant asserts in Issue No. 5 that the trial court erred in admitting Dane's written statement into evidence. The State offered the written statement that Dane gave to the police as rebuttal evidence.[1] Appellant lodged a hearsay objection to the statement. The State responded to the objection by asserting that the statement was admissible as a prior consistent statement under TEX. R. EVID. 801(e)(1)(B).

The trial court's decision to admit or exclude evidence is reviewed on appeal for an abuse of discretion. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). Rule 801(e)(1)(B) gives substantive, non-hearsay status to prior consistent statements of a witness offered to rebut an express or implied charge against the declarant of recent fabrication. *Hammons v. State*, 239 S.W.3d 798, 804 (Tex. Crim. App. 2007). There need only be a suggestion that the witness consciously altered his testimony in order to permit the use of the earlier consistent statements. *Id*. "There is no bright line between a general challenge to memory or credibility and a suggestion of conscious fabrication, but the trial court should determine whether the cross-examiner's questions or the tenor of that questioning would reasonably imply an intent by the witness to fabricate." *Id*. at 805. The trial court must consider the totality of the cross-examination, not isolated portions or selected questions and answers. *Id*. at 807.

Even if the trial court erred in admitting the written statement into evidence, appellant would not be entitled to a reversal of his conviction unless the error constituted reversible error under TEX. R. APP. P. 44.2. A violation of the evidentiary rules resulting in the erroneous admission of evidence is nonconstitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App.

---

[1]Appellant's trial counsel began his cross-examination of Dane by questioning him extensively about his consumption of alcohol and its effect on his recollection of the events.

1998) (applying Rule 44.2(b) harm analysis to the erroneous admission of hearsay evidence). Under Rule 44.2(b), we are to disregard the error unless it affected appellant's substantial rights. A substantial right is affected when the error had a substantial and injurious effect or influence on the factfinder's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Dane's written statement was consistent with his trial testimony. The admission of his written statement was harmless because it was cumulative of his trial testimony. *Couchman v. State*, 3 S.W.3d 155, 160 (Tex. App.—Fort Worth 1999, pet. ref'd); *see Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986). Under these circumstances, the error, if any, in admitting Dane's written statement was harmless. Appellant's Issue No. 5 is overruled.

In Issue No. 6, appellant contends that the trial court erred in admitting evidence during the guilt/innocence phase of some of appellant's prior convictions. On cross-examination, the prosecutor questioned appellant about his extensive criminal record. Appellant admitted to going to prison in 1980 for burglary of a vehicle, going to prison in 1983 for burglary of a building, and going to prison in 1985 for burglary of a habitation. Appellant additionally admitted to going to prison in 1987 for aggravated assault with a deadly weapon, going to prison in 1990 for burglary of a building, being incarcerated in 2004 for assault of a family member, and being incarcerated in 2006 for violation of a protective order. Appellant's trial counsel made the following objection: "At this point, I object to the relevance of these questions." After the trial court overruled this objection, appellant admitted to being incarcerated on two additional occasions in 2004 for theft and assault of a family member.

Appellant argues on appeal that the trial court erred in admitting evidence of some of his prior convictions because they were not relevant or offered for impeachment.[2] We disagree. TEX. R. EVID. 609 provides that evidence of a witness's prior convictions is admissible for purposes of impeaching his credibility if the crime was a felony or a crime of moral turpitude. We review the trial court's ruling on the admission of evidence of previous convictions for an abuse of discretion. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). The trial court abuses its discretion if its decision to admit a prior conviction lies outside the zone of reasonable disagreement. *Id*.

---

[2]Appellant's brief is not clear regarding the specific prior convictions that he is challenging on appeal. Additionally, appellant does not cite any authority in support of this issue.

The record does not demonstrate that the trial court abused its discretion in overruling appellant's objection to evidence of his prior convictions. Rule 609 permits a witness's credibility to be impeached with prior convictions. Appellant's credibility was clearly a relevant issue at trial. Appellant's Issue No. 6 is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


August 28, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.