Opinion filed August 28, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 28,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00109-CR 

                                                     __________

 

                                        MELVIN
TILLEY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 

 



 

                                         On
Appeal from the 104th District Court

                                                          Taylor
County, Texas

                                                  Trial
Court Cause No. 16669B

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

The
trial court convicted appellant, Melvin Tilley, of robbery.  The trial court
found two prior felonies alleged for enhancement purposes to be Atrue@ and sentenced appellant to confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of twenty-five years.  Appellant challenges his conviction in seven issues.  We
affirm.

                                                               Background
Facts

The
indictment charged appellant with the following conduct:








MELVIN TILLEY while
in the course of committing theft of property and with the intent to obtain and
maintain control of said property, did then and there intentionally and
knowingly cause bodily injury to JAMES DANE striking him on and about the head
with his fist.

 

James Dane owned
a bicycle.  On May 19, 2007, Dane=s
acquaintance, AMike,@ asked to borrow the
bicycle to go to the store to get some beer.  Dane permitted Mike to take the
bicycle.  However, Mike never returned the bicycle to Dane.  Dane reported Mike=s theft of the bike to the
police on the following day.

The
next day, Dane asked a man to alert him if the man saw anyone riding his
bicycle.  The  man later told Dane that he thought he had found Dane=s bicycle.  Dane returned
with the man to confirm that it was his bicycle.  Dane subsequently agreed to
give the man twenty-five dollars for the bicycle.  Dane testified that, after
he got on the bicycle to pedal away, appellant arrived at the scene in a pickup
with three other men.  Dane stated that appellant jumped out of the pickup and
refused to let him have the bicycle.  Appellant then placed some leather gloves
on his hands and started hitting Dane in the face with his fists.  After
knocking appellant off the bicycle, appellant placed the bicycle in the pickup
whereupon he told the driver A[l]et=s go.@  Dane testified that he
knew appellant and that appellant had previously offered to purchase the
bicycle from him on several occasions.

Appellant
offered a different version of the events.  He testified that Fabian Brown came
inside the house where appellant was staying and said that Dane was willing to
pay $25 for the bicycle.  Appellant testified that, a few minutes later, he
observed Dane removing the bike from the inside of the house.  Appellant told
Dane that he had purchased the bicycle from Mike for ten dollars and that Dane
could have the bicycle if he paid appellant ten dollars.  Appellant testified
that he held the bicycle by the seat while Dane held it by the handlebars as
they tussled over the bicycle.  Appellant subsequently punched Dane causing
Dane to let go of the bicycle.  Appellant denied arriving at the scene in a
pickup.  He also denied ever attempting to purchase the bicycle from Dane on
previous occasions.

                                                                        Analysis

Appellant
challenges the legal and factual sufficiency of the evidence in his first five
issues.








To determine if
the evidence is legally sufficient, we must review all of the evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Hooper v.
State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Jackson v. State, 17
S.W.3d 664, 667 (Tex. Crim. App. 2000).  To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006) (overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim.
App. 2004)); Johnson v. State, 23 S.W.3d 1, 10‑11 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407‑08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, the reviewing court determines whether the evidence supporting the verdict
is so weak that the verdict is clearly wrong and manifestly unjust or whether
the verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at 414‑15; Johnson, 23 S.W.3d
at 10‑11.  The jury, as the finder of fact, is the sole judge of the
weight and credibility of the witnesses=
testimony.  Tex. Code Crim. Proc. Ann. art.
36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

A
person commits robbery if he intentionally, knowingly, or recklessly causes
bodily injury to another while committing theft with the intent to obtain or
maintain control of the property.  Tex.
Penal Code Ann. '
29.02(a)(1) (Vernon 2003).  A person commits theft if he unlawfully
appropriates property with the intent to deprive the owner of that property. Tex. Penal Code Ann. ' 31.03(a) (Vernon Supp.
2008).

Appellant
asserts in Issue No. 1 that the evidence establishes that he was the owner of
the bicycle rather than Dane.  AOwner@ includes a person who has
(I) title to the property, (ii) possession of the property, whether lawful or
not, or (iii) a greater right to possession of the property than the actor.  Tex. Penal Code Ann. ' 1.07(35)(A) (Vernon Supp.
2008).  APossession@ is defined as Aactual care, custody,
control, or management.@ 
Tex. Penal Code Ann. ' 1.07(39) (Vernon Supp.
2008).  Any person who has a greater right to the actual care, custody,
control, or management of the property than the defendant can be alleged as the
Aowner.@  Alexander v. State,
753 S.W.2d 390, 392 (Tex. Crim. App. 1988).








Appellant
contends that Dane did not have a greater right to possession of the bicycle at
the time of the assault based upon his alleged purchase of the bicycle from
Mike, the presence of the bicycle at the house where he was staying, and the
fact that both he and Dane had possession of the bicycle at the time of the
assault.  We disagree.  One who purchases stolen property from a thief, no
matter how innocently, acquires no title in the property; title remains in the
owner.  Olin Corp. v. Cargo Carriers, Inc., 673 S.W.2d 211, 216 (Tex.
App.CHouston [14th
Dist.] 1984, no writ).  Accordingly, a  property owner=s rights are superior to any rights of a
subsequent possessor who has purchased stolen property. Sharpe v. Turley,
191 S.W.3d 362, 366 (Tex. App.CDallas
2006, pet. denied).  Furthermore, based upon Dane=s
version of the events, he had actual possession of the bicycle as he was
attempting to pedal away when appellant struck him.  Appellant=s Issue No. 1 is overruled.

Appellant
asserts in Issue No. 3 that the evidence is legally insufficient if a bona fide
dispute exists as to the ownership of the property.  This is a correct
statement of the law.  See Hann v. State, 771 S.W.2d 731, 733 (Tex. App.CFort Worth 1989, no pet.)
(In a theft case of personalty, a conviction cannot be upheld if ownership of
the property is disputed between the complaining witness and the defendant.). 
However, it is not applicable to the facts in this case.  There is not a bona
fide dispute over the ownership of the bicycle between Dane and appellant
because appellant did not acquire ownership of the bicycle by allegedly
purchasing it from the person that stole it from Dane.  Appellant=s Issue No. 3 is overruled.








In
Issues Nos. 2a and 2b, appellant contends that the evidence is legally and
factually insufficient to establish that a theft occurred.  As noted
previously, a person commits theft if he unlawfully appropriates property with
the intent to deprive the owner of that property.  Section 31.03(a).  In
the context of this appeal, Aappropriate@ means to acquire or
otherwise exercise control over property other than real property.  Tex. Penal Code Ann. ' 31.01(4)(B) (Vernon Supp.
2008).  Citing Tex. Penal Code Ann.
' 31.03(b)(2) (Vernon
Supp. 2008), appellant contends that he could not have unlawfully appropriated
the bicycle because there is no evidence that he knew it was stolen at the time
that he acquired it from Mike.  We disagree.  Section 31.03(b)(2) is not the
exclusive means by which an appropriation of property becomes unlawful.  Tex. Penal Code Ann. ' 31.03(b)(1) (Vernon Supp.
2008) provides that an appropriation of property is unlawful if it is without
the owner=s effective
consent.  There is ample evidence in this case that appellant seized the
bicycle from Dane=s
actual possession without Dane=s
effective consent.  The fact that appellant struck Dane in the face with his
fists in order to obtain the bicycle is evidence that appellant appropriated
the bicycle without Dane=s
consent.  Moreover, appellant=s
testimony that he purchased the bicycle from Mike without any knowledge that
Mike stole it from Dane is wholly dependent  upon appellant=s credibility.  As the
factfinder, the trial court was free to reject appellant=s testimony in this regard.  Appellant=s Issues Nos. 2a and 2b are
overruled.

Appellant
asserts in Issue No. 4 that he was justified in using force to prevent Dane
from taking the bicycle.  Tex. Penal
Code Ann. '
9.41(b) (Vernon 2003) provides:

(b)
A person unlawfully dispossessed of land or tangible, movable property by
another is justified in using force against the other when and to the degree
the actor reasonably believes the force is immediately necessary to reenter the
land or recover the property if the actor uses the force immediately or in
fresh pursuit after the dispossession and:

 

(1)
the actor reasonably believes the other had no claim of right when he
dispossessed the actor; or

 

(2)
the other accomplished the dispossession by using force, threat, or fraud
against the actor. 

 

A defendant has
the burden of producing some evidence to support a claimed defense. Zuliani
v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).  If the defendant
produces that evidence, the State bears the burden of persuasion to disprove
the raised defense.  Id.  The burden of persuasion does not require that
the State produce evidence; it requires only that the State prove its case
beyond a reasonable doubt.  Id.  A defense is a fact issue to be
determined by the factfinder who is free to accept or reject the defensive
issue. See Saxton v. State, 804 S.W.2d 910, 913‑14 (Tex. Crim.
App. 1991).  A guilty verdict is an implicit finding rejecting a defendant=s defensive theory.  Id. 
In reviewing a challenge to the legal and factual sufficiency of the evidence
to support the factfinder=s
rejection of a defense to prosecution, we use the same standards used in
reviewing the sufficiency of the evidence to support a verdict of guilt,
looking at the sufficiency of the evidence to support both the verdict as well
as the rejection of the defense.  Zuliani, 97 S.W.3d at 595 (factual
sufficiency standard); Saxton, 804 S.W.2d at 914 (legal sufficiency
standard).








In
order to prevail on his defense of property theory, appellant would have had to
establish that he was unlawfully dispossessed of the bicycle when Dane
attempted to pedal away on it.  Under appellant=s
version of the events, he was a purchaser of stolen property.  The
reacquisition of the property by the owner in this instance from the purchaser
of stolen property is not unlawful.  Furthermore, appellant would also have had
to establish either that he reasonably believed that Dane had no claim of right
to the bicycle when he attempted to reacquire it or that Dane used force,
threat, or fraud ro reacquire the bicycle.  As noted previously, appellant=s beliefs regarding Dane=s continued interests in
the bicycle were credibility issues for the factfinder to resolve.  Lastly,
there is no evidence that Dane used force, threat, or fraud against appellant
in his attempt to reacquire the bicycle.  Accordingly, appellant=s Issue No. 4 is
overruled.  

Appellant
asserts in Issue No. 5 that the trial court erred in admitting Dane=s written statement into
evidence.  The State offered the written statement that Dane gave to the police
as  rebuttal  evidence.[1]  Appellant
lodged a hearsay objection to the statement.  The State responded to the
objection by asserting that the statement was admissible as a prior consistent
statement under Tex. R. Evid. 801(e)(1)(B). 


The
trial court=s decision
to admit or exclude evidence is reviewed on appeal for an abuse of discretion. 
Taylor v. State, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).  Rule
801(e)(1)(B) gives substantive, non‑hearsay status to prior consistent
statements of a witness offered to rebut an express or implied charge against
the declarant of recent fabrication.  Hammons v. State, 239 S.W.3d 798,
804 (Tex. Crim. App. 2007).  There need only be a suggestion that the witness
consciously altered his testimony in order to permit the use of the earlier
consistent statements. Id. AThere
is no bright line between a general challenge to memory or credibility and a
suggestion of conscious fabrication, but the trial court should determine
whether the cross‑examiner=s
questions or the tenor of that questioning would reasonably imply an intent by
the witness to fabricate.@ 
Id. at 805.  The trial court must consider the totality of the cross‑examination,
not isolated portions or selected questions and answers.  Id. at 807.








Even
if the trial court erred in admitting the written statement into evidence,
appellant would not be entitled to a reversal of his conviction unless the
error constituted reversible error under Tex. R.
App. P. 44.2.  A violation of the evidentiary rules resulting in the
erroneous admission of evidence is nonconstitutional error.  See Johnson v.
State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (applying Rule 44.2(b)
harm analysis to the erroneous admission of hearsay evidence).  Under Rule
44.2(b), we are to disregard the error unless it affected appellant=s substantial rights.  A
substantial right is affected when the error had a substantial and injurious
effect or influence on the factfinder=s
verdict.  King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Dane=s written statement was
consistent with his trial testimony.  The admission of his written statement
was harmless because it was cumulative of his trial testimony.  Couchman v.
State, 3 S.W.3d 155, 160 (Tex. App.CFort
Worth 1999, pet. ref=d);
see Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App.
1986).  Under these circumstances, the error, if any, in admitting Dane=s written statement was
harmless.  Appellant=s
Issue No. 5 is overruled.

In
Issue No. 6, appellant contends that the trial court erred in admitting
evidence during the guilt/innocence phase of some of appellant=s prior convictions.  On
cross-examination, the prosecutor questioned appellant about his extensive
criminal record.  Appellant admitted to going to prison in 1980 for burglary of
a vehicle, going to prison in 1983 for burglary of a building, and going to
prison in 1985 for burglary of a habitation.  Appellant additionally admitted
to going to prison in 1987 for aggravated assault with a deadly weapon, going
to prison in 1990 for burglary of a building, being incarcerated in 2004 for
assault of a family member, and being incarcerated in 2006 for violation of a
protective order.  Appellant=s
trial counsel made the following objection: AAt
this point, I object to the relevance of these questions.@  After the trial court
overruled this objection, appellant admitted to being incarcerated on two
additional occasions in 2004 for theft and assault of a family member.

Appellant
argues on appeal that the trial court erred in admitting evidence of some of
his prior convictions because they were not relevant or offered for impeachment.[2] 
We disagree.  Tex. R. Evid.
609 provides that evidence of a witness=s
prior convictions is admissible for purposes of impeaching his credibility if
the crime was a felony or a crime of moral turpitude.  We review the  trial
court=s ruling on the
admission of evidence of previous convictions for an abuse of discretion. Theus
v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992).  The trial court
abuses its discretion if its decision to admit a prior conviction lies outside
the zone of reasonable disagreement.  Id.








The
record does not demonstrate that the trial court abused its discretion in
overruling appellant=s
objection to evidence of his prior convictions.   Rule 609 permits a witness=s credibility to be
impeached with prior convictions.  Appellant=s
credibility was clearly a relevant issue at trial.  Appellant=s Issue No. 6 is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

August 28, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Appellant=s
trial counsel began his cross‑examination of Dane by questioning him
extensively about his consumption of alcohol and its effect on his recollection
of the events.

 





[2]Appellant=s
brief is not clear regarding the specific prior convictions that he is
challenging on appeal.  Additionally, appellant does not cite any authority in
support of this issue.