A. BENJAMINI, INC. & Jonathan's
Fine Jewelers, Appellant,

v.

William M. DICKSON, Appellee.

No. 14–98–00909–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 1999.

James Smith, Houston, for appellant.

James A. Moore, Houston, for appellee.

Panel consists of Chief Justice MURPHY, Justices YATES, and HUDSON.

## OPINION

LESLIE BROCK YATES, Justice.

A. Benjamini, Inc. & Jonathan's Fine Jewelers ("Jonathan's"), appellants, appeal the trial court's order restoring personal property to William M. Dickson, appellee. The property issue arose out of a criminal proceeding against Kenneth Rosenbaum in the 228th Criminal District Court. Following a property hearing conducted pursuant to article 47.02 of the Code of Criminal Procedure, the court awarded title and interest in two diamonds that Rosenbaum was accused of stealing to Dickson. In their sole point of error, Benjamini and Jonathan's contend that the court erred in determining that Dickson had superior rights over Benjamini and Jonathan's because they were good-faith purchasers. We affirm.

## JURISDICTION

■■■ The property hearing was conducted pursuant to article 47.02 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 47.02 (Vernon Supp.1999). A proceeding to restore property is similar to a forfeiture proceeding in that both concern the disposition of property, and both are considered to be civil cases. *See Four B's Inc. v. State*, 902 S.W.2d 683, 684 (Tex.App.—Austin 1995, writ denied). We have appellate jurisdiction of civil cases where the amount in controversy exceeds one hundred dollars. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997). Because the diamonds in question have a liquidated value of $11,005, we have jurisdiction of this appeal.

## STANDARD OF REVIEW

■■■ In reviewing a trial court's findings regarding the disposition of property, we conduct a sufficiency review. *See $22,-*

*922.00 v. State,* 853 S.W.2d 99, 101 (Tex. App.—Houston [14th dist.] 1993, writ denied); *Olin Corp. v. Cargo Carriers, Inc.,* 673 S.W.2d 211, 214 (Tex.App.—Houston [14th Dist.] 1984, no writ). In a nonjury trial, where, as here, no findings of fact or conclusions of law are filed or requested, the judgment of the trial court implies all necessary findings of fact to support its judgment. *See Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). When the implied findings of fact are supported by the evidence, we must uphold the judgment on any theory of law applicable to the case. *See Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex. 1987). In this determination, we will consider only the evidence most favorable to the implied factual findings and will disregard all opposing or contradictory evidence. *See Renfro Drug Co. v. Lewis,* 149 Tex. 507, 513, 235 S.W.2d 609, 613 (1950).

## SUPERIOR TITLE

■ In their first point of error, Benjamini and Jonathan's contend that the trial court erred in awarding the diamonds to Dickson. In June 1996, Dickson consigned two diamonds weighing approximately 1.65 carats each to Houston Gems & Appraising ("HGA") for resale to a third party. At that time, Dickson and HGA entered into an oral agreement that gave Dickson final approval of the sale price. Kenneth Rosenbaum, an HGA employee, had unfettered access to the company safe and the contents within. In November 1997, Rosenbaum appropriated the diamonds from HGA's safe, and along with Phyllis Tonkin, took the diamonds to Jonathan's Jewelers. Rosenbaum and Tonkin represented to Jonathan's that Tonkin had inherited the diamonds and wanted to sell them. Jonathan's bought the diamonds for $12,085. Subsequently, Benjamini purchased the diamonds from Jonathan's for $16,900. Benjamini and Jonathan's now contend that because Dickson clothed HGA with an indicia of ownership, Rosenbaum, as HGA's employee, was similarly clothed. As a result, Benjamini and Jona-

than's argue that as good-faith purchasers without notice, they had superior rights to the diamonds.

■ One who purchases stolen property from a thief, no matter how innocently, acquires no title in the property; title remains in the owner. *See Olin Corp.,* 673 S.W.2d at 216. However, where the real owner, by some act or conduct vests the possession and right to personal property apparently in the seller, he thereby estops himself from setting up a claim to the property as against the purchaser for value without notice. *See id.* Therefore, the question on appeal is whether Dickson's act of consigning the diamonds to HGA clothed Rosenbaum with an indicia of ownership, such that Dickson is estopped from claiming superior right to the diamonds against Benjamini and Jonathan's, good-faith purchasers.

The record reveals that Rosenbaum carried business cards imprinted with his and HGA's name. From 1994 to 1997, Rosenbaum conducted other transactions with Jonathan's Jewelers. In these transactions, Rosenbaum stated that he was acting as HGA's employee and presented his HGA business card. However, when Rosenbaum sold the diamonds at issue to Jonathan's, he was accompanied by Phyllis Tonkin, whom Rosenbaum represented to be the true owner of the diamonds. During this transaction, Rosenbaum did not state that he was brokering the diamonds as HGA's employee; rather, Jonathan's mistakenly made that assumption. Jonathan's Jewelers neither checked with HGA to determine whether Rosenbaum had authority to broker the diamonds, nor asked Tonkin for letters testamentary of title ownership. In fact, Jonathan's issued three checks to Rosenbaum, individually, for the diamonds.

We find that this record does not support Benjamini's argument. Dickson vested possession of the diamonds to HGA for the purpose of selling them to a third party. There is no evidence that Dickson

vested such right to Rosenbaum. In fact, Dickson did not vest HGA with an indicia of ownership because both agreed that HGA could not sell the diamonds without Dickson's prior approval. Moreover, the evidence reveals that Rosenbaum stole the diamonds from HGA's safe and brokered the diamonds individually, not as HGA's employee, to Jonathan's Jewelers. Thus, Dickson did not clothe Rosenbaum with an indicia of ownership and is not estopped from claiming a superior right to the diamonds over Benjamini and Jonathan's Jewelers.

Benjamini argues, in the alternative, that he is entitled to superior right, title, and ownership to the diamonds under section 2.403 of the Uniform Commercial Code. Section 2.403 provides that a purchaser of goods acquires title to that which his transferor had or had the power to transfer. *See* TEX. BUS. & COM.CODE ANN. § 2.403 (Vernon 1994). This section further sets forth the types of voluntary transactions that can give the purchaser voidable title. *See id.*

The trial court awarded Dickson title and interest in the diamonds pursuant to TEX.CODE CRIM. PROC. ANN. art. 47.02. The language of article 47.02 shows no intent to adopt the standards of the Business and Commerce Code, stating only that the court shall order the property restored to the person "appearing by the proof" to be the owner of the property. *See Four B's Inc.,* 902 S.W.2d at 685. As a result, section 2.403 does not apply under these circumstances to award the diamonds to Benjamini or Jonathan's Jewelers.

In any event, a thief who wrongfully takes goods against the will of the owner does not take the goods through a transaction of purchase within the meaning of section 2.403. *See Kotis v. Nowlin Jewelry, Inc.,* 844 S.W.2d 920, 923 (Tex. App.—Houston [14th Dist.] 1992, no writ). Only voluntary transfers can constitute transactions of purchase, and a thief is not a purchaser under section 2.403. *See id.* (citing *Suburban Motors, Inc. v. State Farm Mut. Auto. Ins. Co.,* 218 Cal.App.3d 1354, 268 Cal.Rptr. 16, 18 (1990)); *see also Four B's Inc.,* 902 S.W.2d at 685 (holding that a pawnbroker did not and could not take good title of a stolen shotgun, and thus did not prevail against the true owner in a proceeding to restore stolen property). Here, there is no "transaction of purchase" to which section 2.403 applies because Rosenbaum stole the diamonds from HGA; thus, Rosenbaum could not transfer good title to a good-faith purchaser like Jonathan's Jewelers or Benjamini. Therefore, section 2.403 is not controlling and Dickson has superior rights to the diamonds. Consequently, we overrule Benjamini's sole point of error.

The trial court's judgment is affirmed.