Affirmed and Opinion filed May 30, 2002









Affirmed and Opinion filed May
30, 2002.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-99-00293-CR

NO. 14-99-00294-CR

NO. 14-99-00916-CR

NO. 14-99-00917-CR

____________

 

LINDA KOESTER COX and ORVILLE IRA COX, Appellants

 

V.

 

THE STATE OF TEXAS, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause Nos. 766,575 and 766,576

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

O P I N I O N

In this consolidated appeal, Linda
and Orville Cox attack the legal sufficiency of the evidence supporting a
conviction for theft.[1]  Appellants contend the evidence establishes a
contractual dispute and thus cannot form the basis of a criminal
complaint.  We disagree and affirm.




Background

Appellants, husband and wife,
operated three crafts stores under the name of ALinda=s Emporium.@ 
At least one of these stores had been in operation since 1992.  Pursuant to a written License and Use
Agreement (ALicense Agreement@), local craftsmen, the complainants,
licensed booths within appellants= stores and provided the appellants= inventory.  Appellants were required to remit the
proceeds from sales of the crafts to the craftsmen, less a commission and a
monthly license fee.[2]  Appendix AA@ to the License Agreement (the AOperating Policy@), stated that appellants closed
their books for accounting purposes on the 25th of each month.  According to the Operating Policy, checks for
sales occurring prior to the 25th day of each month were to be mailed to the
crafters Aon or about the first . . . .  Minor variances by a very few days may occur
periodically, due to holidays and other unavoidable occurrences.@

Appellants began to experience
financial difficulties between Thanksgiving and Christmas of 1996.  They shuffled money among several banks,
withdrew large sums of money in cash, ceased to timely mail crafters their
checks, removed and destroyed their business records, and moved out of their
home.  They did, however, pay their
landlords $60,000 to keep the doors to their stores open during the month of
December.[3]  During the first few days of January, a
number of the crafters removed their merchandise from the stores because they
heard appellants were removing business records. By January 5, 1997, appellants= business accounts were virtually
empty, yet approximately $350,000 was owed to crafters.  Records of sales at appellants= stores were eventually discovered in
the trash.  The complainants consist of
approximately 70 craftsmen.  According to
Harris County Fraud Examiner David Pilint, these 70 are collectively owed
$143,887.38.

After a trial to the bench,
appellants were convicted and given a 10-year probated sentence.  One condition of probation requires that appellants
pay $143,887.38 to the crafters.

Issue

The narrow and sole contention lodged
by appellants is that there is a dispute as to ownership of the proceeds from
the craft sales.  Under the penal code,
an Aowner@ is someone having title, possession,
or a greater right to possession of the property than the actor.  Tex.
Penal Code ' 1.07(a)(35).

Standard of Review

Evidence is legally sufficient if,
viewed in the light most favorable to the verdict, any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia,
443 U.S. 307, 319 (1979).  In performing
a legal sufficiency analysis, we review the evidence in the light most
favorable to the verdict.  Maldonado
v. State, 998 S.W.2d 239, 251 n.3 (Tex. Crim. App. 1999) (citing Jackson,
443 U.S. at 319).  This same standard of
review applies to cases involving both direct and circumstantial evidence.  See King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).  On appeal, we do
not reevaluate the weight and credibility of the evidence; rather, we consider
only whether the fact finder reached a rational decision.  See Muniz v. State, 851 S.W.2d 238,
246 (Tex. Crim. App. 1993).

Discussion

A person commits the offense of theft
if he unlawfully appropriates property with intent to deprive the owner of
property.  Tex. Penal Code ' 31.03(a) (Vernon Supp. 2002).  Appropriation is unlawful only if it is Awithout the owner=s effective consent.@ 
Id. '
31.03(b)(1) (italics added). 








According to appellants, application
of the Uniform Commercial Code (UCC) to the License Agreement dictates that
each crafter owned a receivable or debt upon the sale of a craft good, while
appellants owned the proceeds from the sale. 
The State counters that the UCC is irrelevant and that the Penal Code is
the sole source of authority.  The State
contends appellants acted as the craftsmen=s sales agents, owed the craftsmen a
fiduciary duty, and committed theft when they failed to disburse the sales
proceeds to the crafters.

We agree with the State that
reference to the UCC is inappropriate under the facts presented.  Under the penal code, an Aowner@ is someone having title, possession,
or a greater right to possession of the property than the actor.  Id. ' 1.07(a)(35).  The indictment in this case charged
appellants with unlawfully appropriating money to which the complainants had a
greater right of possession.  Because the
provisions of the UCC cited by appellants do not address rights of possession,
they offer no guidance in the case at bar. 
See Benjamini, Inc. v. Dickson, 2 S.W.3d 611, 614 (Tex. App.CHouston [14th Dist.] 1999, no writ).[4]

Even if, following appellants= interpretation of the License
Agreement, appellants had a greater right to possession of the proceeds through
December, when the crafters checks were to be disbursed, the crafters= right to possession was clearly greater
than appellants= after January 1, 1997. 
The Operating Agreement between appellants and the complainants
explicitly provides that checks were to be mailed out on the first day of
January, absent circumstances not applicable here.  The indictment charged appellants with theft Aon or about various dates between
November 23, 1996 and January 3, 1997.@ 
Thus, the time period alleged in the indictment encompasses the time
period required to prove theft even if appellants owned the proceeds of the
craft sales at the time of sale.  








While the analogy is imperfect, the
alleged problem appellants identify is similar to that presented in Kitchens
v. State, 823 S.W.2d 256 (Tex. Crim. App. 1991).  In Kitchens, the State contended the
complainant was murdered either in the course of a robbery or in the course of
a rape.  Mr. Kitchens contended the
evidence was legally insufficient to prove the rape.  In affirming, the Court held the conviction
would stand if the evidence was sufficient to prove either the rape or the
robbery.  Id. at 259.  In the instant case, the indictment
identifies a time span during at least some part of which the complainants
owned the money appellants appropriated. 
If the complainants owned the sale proceeds immediately after each sale,
the theft occurred continuously during the months of November and December.  On the other hand, if appellants owned the
proceeds, the theft occurred on January 1st. 
Under Kitchens, the State need only offer proof of either
scenario to secure a conviction.  Id.

The evidence in the record
establishes no checks for December sales were ever mailed.  Many of the complainants testified they never
received the payment due to have been mailed on January 1st.  Viewed in the light most favorable to the
verdict, this evidence is sufficient to enable a rational jury to conclude the
complainants, not appellants, had the greater right to possession to the
proceeds of craft sales, less deductible fees, during a time period within that
identified in the indictment.  See
Maldonado v. State, 998 S.W.2d at 251 n.3. 
We overrule appellants= issue.

Accordingly, the judgments below are
affirmed.

 

/s/        Wanda
McKee Fowler

Justice

 

Judgment rendered and Opinion filed
May 30, 2002.

Panel consists of Justices Yates,
Seymore, and Fowler.

Publish _ Tex. R. App.
P. 47.3(b).











[1]  Cause numbers 14-99-00916-CR and 14-99-00917
were appeals from the trial court_s denial of indigency.  We affirmed the denial in an order dated June
15, 2000.





[2]  The License Agreement provides that the
inventory continued to be owned by the craftsmen.  It does not indicate whether the sale
proceeds generated were owned by the craftsman or appellants, but it does
explicitly grant appellants a security interest in all proceeds from sales of
the complainants_ _goods, wares, . . .
and other personal property . . . situated on the licensed premises._





[3]  At oral argument, counsel for appellants
indicated that only two stores were operating during the pertinent time
period.  The third store was closed,
though appellants continued to pay rent for three stores.





[4]  In Benjamini, an employee stole
property and sold it to Mr. Benjamini. 
This court affirmed an order returning the property even though Mr.
Benjamini claimed a right to the property under the UCC=s protection for
good faith purchasers.  This court held
the penal code_s language
demonstrated no intent to adopt the civil standards set forth in the UCC and
the latter was therefore inapplicable.