ACCEPTED
01-14-00424-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/29/2015 2:22:08 PM
CHRISTOPHER PRINE
CLERK

**No.  01-14-00424-CV**

In the
Court of Appeals
For the
First District of Texas
At Houston

———————◆———————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/29/2015 2:22:08 PM

CHRISTOPHER A. PRINE
Clerk

**No. 1417446**

In the 351st District Court
Of Harris County, Texas

———————◆———————

**IN THE MATTER OF APPROXIMATELY $80,600**

———————◆———————

STATE'S APPELLATE BRIEF

———————◆———————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**DAN  MCCRORY**
Assistant District Attorney
Harris County, Texas
mccrory_daniel@dao.hctx.net


1201 Franklin, Suite 600
Houston, Texas  77002
Tel.:  713/755-5826
FAX No.:  713/755-5809

*Counsel for Appellee*


<u>ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT</u>

# STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39.7, the State requests oral argument only if oral argument is requested by appellant.

# **TABLE OF CONTENTS**

STATEMENT REGARDING ORAL ARGUMENT ................................................................ i

INDEX OF AUTHORITIES ...................................................................................... iii

STATEMENT OF THE CASE ................................................................................... 1

SUMMARY OF THE ARGUMENTS .......................................................................... 2

REPLY TO POINT OF ERROR ONE ........................................................................ 2

REPLY TO POINT OF ERROR TWO ........................................................................ 7

CONCLUSION ..................................................................................................... 14

CERTIFICATE OF SERVICE .................................................................................. 15

CERTIFICATE OF COMPLIANCE .......................................................................... 15

# INDEX OF AUTHORITIES

**CASES**

*A. Benjamini, Inc. v. Dickson*,
2 S.W.3d 611 (Tex. App.--Houston [14th Dist.] 1999, no pet.)................................8, 11

*Bank of Saipan v. CNG Financial Corp.*,
380 F.3d 836 (5th Cir. 2004) .................................................................................... 12

*Four B's Inc. v. State*,
902 S.W.2d 683 (Tex. App.--Austin 1995, writ denied)............................................4, 6

*Kennedy v. State*,
No. 01-12-01142-CV, 2014 WL 5771935 (Tex. App.--Houston
[1st Dist.] Nov. 6, 2014, no pet. h.) ............................................................................. 6

*Nelms v. State*,
761 S.W.2d 578 (Tex. App.--Fort Worth 1988, no writ) ..........................................7, 8

*Sinclair Houston Fed. Credit Union v. Hendricks*,
268 S.W.2d 290 (Tex. Civ. App. – Galveston 1954, writ ref'd n.r.e.)......................... 11

*Wells Fargo Bank, N.A. v. Ballestas*,
355 S.W.3d 187 (Tex. App.--Houston [1st Dist.] 2011, no pet.) .................................. 9

*York v. State*,
373 S.W.3d 32 (Tex. 2012) .......................................................................................... 4

**STATUTES**

TEX. CODE CRIM. PROC. ANN. art. 47.01 (West 2006) ...................................................... 4

TEX. CODE CRIM. PROC. ANN. art. 47.01a (West 2006)..................................................5, 7

TEX. CODE CRIM. PROC. ANN. art. 47.02 (West Supp. 2014) .........................................5, 7

**RULES**

TEX. R. APP. P. 39.7....................................................................................................... i

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

This is an appeal from the trial court's ruling on the State's petition for the disposition of stolen property brought under Chapter 47 of the Texas Code of Criminal Procedure. (CR Supp. 3).[1] The State's petition alleges that Dennis Pharris committed the offense of theft by unlawfully and fraudulently acquiring $215,000 from Dr. Vic Patel. (CR Supp. 8). Abraham Fisch, a criminal defense attorney, represented Pharris in this criminal matter. (CR Supp. 7-8).

A fraud examiner traced Patel's stolen money and determined that Pharris transferred $80,600 of the stolen funds into Fisch's IOLTA account. (CR Supp. 8). Immediately following a bond hearing on Pharris's criminal case, at which evidence was presented regarding Pharris's theft of Patel's money, Fisch "almost completely purged" his IOLTA account. (CR Supp. 8-9). Fisch transferred the funds from his IOLTA account, including Patel's $80,600, to a newly-created account that he opened under his "attorney name." (CR Supp. 9). Pursuant to a warrant, the State seized $80,600 from Fisch's new account. (CR Supp. 9).

The trial court granted the State's petition for disposition of the stolen property. (CR Supp. 72). The trial court ruled the $80,600 was stolen property and

[1] "CR" refers to the clerk's record filed with this Court on June 9, 2014.
"CR Supp." refers to the supplemental clerk's record filed with this Court on October 17, 2014.

ordered it to be returned to Patel, "the rightful owner of the property." (CR Supp. 72). On appeal, Fisch argues that he has a superior right to possession of the $80,600.

## SUMMARY OF THE ARGUMENTS

Point one: Article 47.02 provides a district court with jurisdiction over a Chapter 47 claim during and after the related criminal trial. Therefore, the trial court had jurisdiction to rule on the State's Chapter 47 petition after the judgment in Pharris's criminal case was entered.

Point two: The trial court did not err in denying Fisch's 2014 petition for the return of the seized $80,600 because the trial court denied him relief on this same issue in response to a petition Fisch filed in 2009. As such, Fisch's 2014 request for the funds was barred by the doctrine of collateral estoppel.

Alternatively, Fisch's right to the money was not superior to Patel's right of possession because Fisch had some knowledge that the money was stolen when he transferred the money from the IOLTA account, which was not his money, to his personal account.

## REPLY TO POINT OF ERROR ONE

In his first point of error, Fisch contends the trial court's order granting the State's petition for disposition of stolen property is void. (CR Supp. 72).

2

Specifically, Fisch maintains the order is void because the trial court lacked jurisdiction when it issued the order.

Relevant facts

Pharris was charged by indictment for the Patel theft in the 351st District Court on or about April 2, 2009. (CR Supp. 54-56). The trial court conducted a bond hearing on April 7th and 9th of 2009. (CR Supp. 8). Dr. Patel testified at this hearing, describing Pharris's theft of $215,000 from him. (CR Supp. 8). At the conclusion of the hearing, the trial court found "proof evident" that Pharris had committed the Patel theft and denied Pharris a bond. (CR Supp. 8; RR II 41).[2]

After learning that Fisch had transferred $80,600 of the theft proceeds from his IOLTA account to his personal account right after the bond hearing, the State seized $80,600 from Fisch's account on April 21, 2009, pursuant to a warrant. (CR Supp. 8-9). The State filed its petition for disposition of stolen property in the 351st District Court on May 26, 2009. (CR Supp. 3).

Pharris eventually pleaded guilty to the Patel theft and was sentenced to five years in prison. (CR Supp. 54-55). The judgment was entered on December 4, 2013. (CR Supp. 54). The trial court granted the State's petition for disposition of stolen property on May 21, 2014, and ordered the $80,600 returned to Dr. Patel. (CR Supp. 72).

---

[2] "RR II" refers to the reporter's record for the hearing conducted on March 4, 2010.

<u>Applicable law</u>

The issue in this case, the disposition of stolen property, is controlled by Chapter 47 of the Texas Code of Criminal Procedure. Chapter 47 provides a procedure by which a person claiming an interest in stolen property, which is in the possession of a governmental authority, may seek to obtain possession of the property. *York v. State*, 373 S.W.3d 32, 43 (Tex. 2012).

Section 47.01 provides that "an officer who comes into custody of property alleged to have been stolen shall hold it subject to the order of the proper court only if the ownership of the property is contested or disputed." TEX. CODE CRIM. PROC. ANN. art. 47.01(a) (West 2006). Once stolen property is seized, a trial court may determine how such property may be disposed. Specifically, there are two statutes in Chapter 47 addressing the issue of which court is "the proper court" to rule on the restoration of stolen property, one for proceedings that occur before the related criminal trial and another for proceedings during or after the criminal trial. *Four B's Inc. v. State*, 902 S.W.2d 683, 684 (Tex. App.--Austin 1995, writ denied) (citing TEX. CODE CRIM. PROC. ANN. arts. 47.01a, 47.02 (West 2006 & Supp. 2014).

Section 47.01a is titled "Restoration when no trial is pending" and it provides:

> If a criminal action relating to allegedly stolen property is not pending, a district judge, county court judge,

4

statutory county court judge, or justice of the peace having jurisdiction as a magistrate in the county in which the property is held or a municipal judge having jurisdiction as a magistrate in the municipality in which the property is being held may hold a hearing to determine the right to possession of the property, upon the petition of an interested person, a county, a city, or the state. Jurisdiction under this section is based solely on jurisdiction as a criminal magistrate under this code and not jurisdiction as a civil court.

TEX. CODE CRIM. PROC. ANN. art. 47.01a(a) (West 2006).

Section 47.02 is titled "Restored on trial" and it provides:

(a) On the trial of any criminal action for theft or any other offense involving the illegal acquisition of property, the trial court trying the case shall order the property to be restored to the person appearing by the proof to be the owner of the property.

(b) On written consent of the prosecuting attorney, any magistrate having jurisdiction in which a criminal action for theft or any other offense involving the illegal acquisition of property is pending may hold a hearing to determine the right of possession to the property. If it is proved to the satisfaction of the magistrate that any person is a true owner of the property alleged to have been stolen, and the property is under the control of a peace officer, the magistrate may, by written order, direct the property be restored to that person

TEX. CODE CRIM. PROC. ANN. art. 47.02 (West Supp. 2014).

Argument and authorities

After defendant Pharris pleaded guilty to the Patel theft, the trial court sentenced Pharris and entered the judgment on December 4, 2013. (CR Supp. 54).

5

On appeal, Fisch maintains the trial court lost jurisdiction over the "disposition of stolen property" issue on January 3, 2014, when the trial court's 30 days of general plenary jurisdiction expired after the criminal judgment was entered. As such, Fisch concludes that the trial court had no jurisdiction to rule on the State's article 47.02 petition on May 21, 2014. (CR Supp. 72).

Fisch's contention is meritless because a trial court's authority to make a Chapter 47 ruling is not dependent on the court's jurisdiction arising from the related criminal prosecution. Rather, the court's authority to issue such rulings derives from the Chapter 47 statutes themselves.

This Court recently observed that articles 47.01a and 47.02 are the two provisions addressing the issue of jurisdiction for purposes of trial court rulings on the disposition of stolen property. *Kennedy v. State*, No. 01-12-01142-CV, 2014 WL 5771935, at *5 (Tex. App.--Houston [1st Dist.] Nov. 6, 2014, no pet. h.). This Court explained that a trial court has jurisdiction on Chapter 47 matters pursuant to article 47.01a when no indictment or information has been filed initiating a criminal action. *Id.* On the other hand, "[a]rticle 47.02(a)'s express language allows the trial court to restore stolen property to its owner during *or after a criminal trial.*" *Id.* (italics added); *see also Four B's Inc.*, 902 S.W.2d at 684 (article 47.01a authorizes restoration proceedings that occur before the related criminal trial and article 47.02 authorizes such proceedings "during *or after* the

6

criminal trial") (italics added); *Nelms v. State*, 761 S.W.2d 578, 578-79 (Tex. App.--Fort Worth 1988, no writ) (after defendant was acquitted in criminal theft trial, trial court conducted hearing pursuant to article 47.02 to determine ownership of stolen funds).

Therefore, Chapter 47 provides for jurisdiction in a district court both before and after a criminal trial without a temporal restriction. TEX. CODE CRIM. PROC. ANN. arts. 47.01a, 47.02 (West 2006 & Supp. 2014). Since the trial court had jurisdiction to rule on the State's petition for the disposition of stolen property under article 47.02, the ruling was not void.[3] Accordingly, Fisch's first point of error is meritless and should be overruled.

## REPLY TO POINT OF ERROR TWO

In his second point of error, Fisch contends the trial court erred in denying his "amended petition for release of seized property." (CR 10; RR I 14).[4] The record indicates that Fisch filed this petition on February 17, 2014, under cause number 1417446. (CR 10-12). In his petition, Fisch sought the return of the $80,600 seized from his bank account. (CR 10-12). Fisch maintained that he had no knowledge that the funds, which he received from Pharris as attorney fees, had been stolen by Pharris. (CR 10). Fisch characterized himself as an "innocent

7

provider of legal services." (CR 11). Following a hearing on this matter, the trial court denied Fisch's petition on March 4, 2010. (RR II 4-51; Cr Supp. 53).[5]

On appeal, Fisch continues to argue that the seized funds should be returned to him. He claims he has a superior right to possess the funds because he did not know the money was stolen when he accepted payment from Pharris. Fisch argues he is entitled to the money because he obtained it in good faith and in return for valuable consideration (i.e., legal representation).

Standard of review

The disposition of stolen property is a civil matter. *Nelms*, 761 S.W.2d at 579. A trial court's finding regarding the disposition of property is subject to a sufficiency review. *A. Benjamini, Inc. v. Dickson*, 2 S.W.3d 611, 612 (Tex. App.--Houston [14th Dist.] 1999, no pet.). When no findings of fact or conclusions of law are made, as here, the trial court's judgment implies all necessary findings of fact to support the judgment. *Id.* at 613; *Nelms*, 761 S.W.2d at 579. When the implied findings of fact are supported by the evidence, an appellate court must uphold the judgment on any theory of law applicable to the case. *Benjamini*, 2 S.W.3d at 613. When making this determination, the reviewing court considers

---

[3]    Assuming, arguendo, that the trial court lacked jurisdiction under article 47.02 on the basis of there being no criminal case pending, the court would nevertheless have jurisdiction to dispose of stolen property pursuant to article 47.01a, which applies when no trial is pending.

[4]    "RR I" refers to the reporter's record of the hearing conducted on May 21, 2014.

[5]    "RR II" refers to the reporter's record of the hearing conducted on May 4, 2010.

8

only the evidence most favorable to the implied factual findings and disregards all opposing or contradictory evidence. *Id*.

Collateral estoppel

The trial court did not err in denying Fisch's 2014 petition requesting the return of the $80,600 seized from his bank account because the same trial court had already denied another petition, filed in 2009 under cause numbers 991356, 1210228, 1210229, and 1031225, and denied in 2010, in which Fisch requested the return of these same funds. (CR 10; CR Supp. 10, 53). Under such circumstances, the doctrine of collateral estopped precluded Fisch from raising the same issue in 2014 that already had been resolved in 2010.

The doctrine of collateral estoppel, also known as issue preclusion, prevents relitigation of particular issues already resolved in a prior action. *Wells Fargo Bank, N.A. v. Ballestas*, 355 S.W.3d 187, 193 (Tex. App.--Houston [1st Dist.] 2011, no pet.). A party seeking to assert the bar of collateral estoppel must establish that: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Id*.

Regarding the first factor, the facts Fisch sought to litigate in his 2014 petition were fully and fairly litigated pursuant to the 2009 petition (which was ruled on following a hearing in 2010). Namely, in his 2014 petition, Fisch argued

9

for the return to him of the money seized from his account based on his claim that he had no knowledge the funds were stolen when he received them. (CR 10-11). In his 2009 petition and during the 2010 hearing, Fisch made the same request for the return of the same funds for the same reason (i.e., his lack of knowledge that the funds were stolen). (CR Supp. 10; RR II 5, 15, 20, 40-41, 47). The issue of Fisch's right to the funds was fully and fairly litigated at the first hearing. Fisch testified at length about this issue in 2010 and both parties had the opportunity to examine him without limitation. (RR II 4-51).

Regarding the second factor, the same facts Fisch sought to litigate in the 2014 petition were essential to the judgment in the ruling on the 2009 petition. Namely, the same facts that Fisch sought to litigate in 2014 relating to his claimed superior right to the funds based on his claim of an innocent ownership of the funds were essential to the 2010 ruling. The 2010 ruling turned on the resolution of the same issue Fisch presented in his 2014 petition.

Finally, regarding the third factor, the two petitions pitted the same adversaries against one another. In both instances, Fisch was attempting to recover from the Harris County District Attorney's Office the money seized from the former by the latter.

Considering these factors, Fisch was collaterally estopped in 2014 from seeking the same relief that he was denied in 2010. As such, the trial court did not

10

err in denying Fisch's 2014 petition. For this reason alone, Fisch's second point of error is meritless and should be overruled.

Patel had a superior right to the money

Fisch contends his right to the $80,600 was superior to that of Patel because Fisch purportedly received the money from Pharris in exchange for valuable consideration with no knowledge that Pharris stole the money from Patel. Having received the money as an innocent third party, Fisch maintains his right to the cash exceeds that of Patel, the person from whom the money was stolen. In support of this contention, Fisch cites case law providing: "One who receives money which has been illegally obtained by a third party in due course of business, in good faith, and for valuable considerations, can keep it without liability to him from whom it was stolen." *Sinclair Houston Fed. Credit Union v. Hendricks*, 268 S.W.2d 290, 295 (Tex. Civ. App. – Galveston 1954, writ ref'd n.r.e.).

However, reviewing the record in the light most favorable to the trial court's implied findings reveals that Fisch did not gain possession of the money in good faith. *Benjamini*, 2 S.W.3d at 613 (appellate court considers only the evidence most favorable to the trial court's implied fact findings). Fisch confirmed that when Pharris gave him the $80,600 in question, he placed the money in his IOLTA account. (RR II 28, 46). He further confirmed that when he placed the funds in his

11

IOLTA account, the money was not his since his money cannot be in the IOLTA account. (RR II 26-29).

Fisch also confirmed he was present at a bond hearing when the trial court found proof evident that Pharris stole the money from Patel. (RR II 40-41; CR Supp. 8). Fisch admitted that, during this bond hearing, he learned that the money in question could have been stolen by Pharris. (RR II 46). Fisch further admitted that, several days after the bond hearing, he removed about $250,000 from his IOLTA account and placed it in his personal account, leaving only $156 in his IOLTA account. (RR II 34).

These circumstances demonstrate that Fisch's ownership of the funds began when he transferred the funds from an IOLTA account to his personal account, an event that occurred after he had knowledge that Pharris may have obtained the funds by theft. As such, when Fisch gained ownership of the money, he was not an innocent third party recipient. Rather, there was a lack of good faith in his receipt of the money. Given this circumstance, Fisch did not have a superior right to possess the funds.[6] *Bank of Saipan v. CNG Financial Corp.*, 380 F.3d 836, 843 (5th Cir. 2004) (to recover stolen money, theft victim need not show third party acquired money by fraud or duress, only that third party lacked good faith in

---

[6] There is also some evidence indicating that Pharris reimbursed Fisch with about $83,000 in 2010 after the trial judge denied Fisch's original request for the return of the $80,600. (CR Supp.

acceptance of the stolen funds).  As such, the trial court did not err in denying Fisch's petition for the return of the stolen funds.  Point of error two is meritless and should be overruled.

---

67-68).  Since Fisch was made whole with regard to the seized money, he did not have a superior right to the seized money.

13

# CONCLUSION

It is respectfully submitted that all things are regular and the trial court's ruling should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ Dan McCrory
**DAN McCRORY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 13489950
mccrory_daniel@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the following address:

Regina Bacon Criswell
Attorney at Law
Carriage Place
7803 Bent Briar
San Antonio, Texas  78250

/s/ Dan McCrory
**DAN McCRORY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 13489950

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 2,834 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Dan McCrory
**DAN McCRORY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 13489950

Date: 1/29/2015