# Supreme Court of Texas

No. 24-0286

Studio E. Architecture and Interiors, Inc.,

*Petitioner*,

v.

Emily Lehmberg,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

JUSTICE HAWKINS, joined by Justice Busby and Justice Young, concurring.

I join the Court's opinion. In my view, the Court and the dissent both offer permissible readings of the key statutory text. I side with the Court, though, because its view harmonizes Section 150.002 with the baseline procedural rules that govern other cases. Before we interpret a statute to depart substantially from the procedural norms of litigation—and in a way that creates obvious inefficiencies and head-scratching results—we should demand a clear statement from the Legislature that it intended as much. This statute offers clues that point in multiple directions, so I default to the least disruptive interpretation.

Second, although the Legislature has demanded expressly that certificates of merit be filed in the litigation's early stages, it put no requirement on defendants to promptly alert the trial court to a deficient or missing certificate of merit. That omission invited the situation we see here, where the defendants waited out the relevant limitations period, then filed their motion to dismiss predicated on the lack of a certificate of merit. Because the limitations period has lapsed, the plaintiff has no meaningful opportunity to cure, and the belated motion to dismiss becomes dispositive. A deadline for motions to dismiss would foreclose this procedural gamesmanship.

## I

This case presents two plausible views of Section 150.002. The Court reads the key provision to permit the plaintiff to file an amended petition, consistent with our standard approach to remedying pleading deficiencies. *See ante* at 8, 11 (citing TEX. R. CIV. P. 62-63 and discussing background principles). The dissent's view, by contrast, would force the plaintiff to file a whole new lawsuit. *See post* at 5 (Sullivan, J., dissenting). In my view, we should not read a procedural statute to displace the ordinary course, absent a clear statement from the Legislature. No such statement exists here, and ample textual clues (including ones the Court does not reach) suggest the opposite.

## A

I would resolve the statutory debate before us today by applying a clear-statement rule, a classic "tie-breaker" we use "when the *words* of a statute deprive us of confidence one way or the other about the statute's meaning." *Miles v. Tex. Cent. R.R. & Infrastructure, Inc.*, 647

2

S.W.3d 613, 634 (Tex. 2022) (Young, J., concurring) (internal quotations omitted) (citing *Hegar v. Health Care Serv. Corp.*, 652 S.W.3d 39, 49 (Tex. 2022) (Blacklock, J., dissenting)); *cf. S.C. v. M.B.*, 650 S.W.3d 428, 436 (Tex. 2022) (describing clear-statement rule for jurisdictional statutes); ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 318 (2012) (noting "statutes will not be interpreted as changing the common law unless they effect the change with clarity"). When we face an ambiguous statute fairly capable of multiple meanings, we should prefer the interpretation that best comports with preexisting practices.

To reveal which of today's opinions is more disruptive, I will pressure-test each with the following hypothetical (which, in truth, differs not much from the actual dispute now before us). Suppose a landowner hires an architect and a contractor to build a house. The project goes poorly, and the landowner sues both because the end product resulted from the confluence of inept design and shoddy craftsmanship. The claim against the architect requires a certificate of merit, but the claim against the contractor does not. *See* TEX. CIV. PRAC. & REM. CODE §§ 150.001(1-c), .002(a). In filing the action, the plaintiff's lawyer experiences some unfortunate miscommunication with the paralegal, and the petition is filed without the certificate of merit appended. It is docketed as cause number 26-1234. But it is not compliant with Section 150.002(a). A week later (and long before limitations expire), the lawyer spots the mistake.

Under the Court's approach, the plaintiff simply files his amended petition under the same cause number with the certificate

3

attached—as would any other plaintiff in a typical case. *See* TEX. R. CIV. P. 62-63. The matter would then proceed in the ordinary course to a just and efficient resolution on the merits.

Under the dissent's view, however, this case must now proceed on two tracks. The claim against the contractor moves on as number 26-1234. But the claim against the architect must be dismissed. The dissent assures us the plaintiff is free to sue the architect again—but he must do so in an entirely new action—cause number 26-1235. We wind up with two lawsuits, with different docket numbers, which must proceed in parallel, even though both will involve overlapping discovery about the same core injury. We will need two discovery universes, two sets of post-discovery dispositive motions, two trials, and two appeals— all for one injury the defendants both caused.

And even more problems may be lurking. What if those trials produce incompatible results? Suppose the jury in number 26-1234 finds that the landowner is not actually injured, while the jury in number 26-1235 finds a significant injury and awards substantial damages. Sure, our law provides procedures and doctrines we can invoke to try to sort things out—cases can be consolidated (or reconsolidated), various forms of estoppel and preclusion can be dusted off, and the like. But all of them cost time and money, and all of them risk gamesmanship or worse. Why not avoid this mess altogether?

In fact, suggesting that the trial court can solve this problem by simply consolidating the two actions undermines the dissent's premise that the Legislature insisted on dismissal and the refiling of a new action. *Why* would the Legislature demand that hoop-jumping if the trial

4

court can undo it at a moment's notice with a flick of the pen on a consolidation order? And what if the trial court denies consolidation—must we coin a new species of mandamus relief for Section 150.002 cases?

This hypothetical makes clear that the Court's approach is not only consistent with the ordinary approach to litigation, but efficient and sensible. Applying a clear-statement rule (and perhaps Occam's razor), I would adopt the dissent's incongruous view only if the Legislature had clearly demanded it. For all the reasons the Court identifies, *see ante* at 7-8, it did not.

**B**

Section 150.002 provides additional textual evidence supporting the Court's view that the Court does not invoke, but that I find illuminating.

Section 150.002(a) includes two important nouns: "action" and "the complaint." The text specifies that "the complaint" must include a certificate of merit "in any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional." TEX. CIV. PRAC. & REM. CODE § 150.002(a). The *complaint*, then, is just one component of the *action*. That makes sense: a "complaint" is one of several "pleading[s]" through which a plaintiff "raises a claim." *Id.* § 150.001(1-b). The "action" is the entirety of the lawsuit.

Subsection (e), however, invokes just one of those nouns. It is only "the complaint" that is subject to "dismissal"—not the "action." Since the same statute recognizes that an "action" and "complaint" are different,

5

its recognition that only the complaint need be dismissed suggests that the underlying action may survive. That is exactly what the Court holds: the plaintiff may simply amend, without filing a new action altogether. Its approach harmonizes subsections (a) and (e).

Moreover, subsection (e) requires dismissal "of the complaint *against the defendant.*" *Id.* § 150.002(e) (emphasis added). We must presume those last three words do some work. *See KMS Retail Rowlett, LP v. City of Rowlett,* 593 S.W.3d 175, 184 (Tex. 2019) ("Our interpretation of a statute should 'giv[e] effect to every word, clause, and sentence.'" (alteration in original) (quoting *In re Off. of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013))); *see also* READING LAW at 174 ("If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*)." (footnote omitted)). It seems to me that if the Legislature wished the action to be terminated root-and-branch, there would be no need to specify "against the defendant."

This is noteworthy because there are many situations in which the Legislature provides for the dismissal of the "action" itself. In the Civil Practice and Remedies Code alone, I count at least five examples. *See* TEX. CIV. PRAC. & REM. CODE § 13.001(a) ("A court . . . may dismiss the action . . . ."); *id.* § 27.003(a) ("[A] party may file a motion to dismiss the legal action."); *id.* § 71.051(b) ("In determining whether to grant a motion to stay or dismiss an action . . . ."); *id.* § 90.010(d-1) ("[T]he MDL pretrial court shall dismiss each action . . . ."); *id.* § 147.046(b) ("The court shall dismiss the claimant's action . . . ."). Many more examples

abound across other corners of our law.[1]

Simply put, the Legislature knows how to dictate the dismissal of an "action." That it dictated the dismissal of only the "complaint" here, while leaving unimpaired the broader "action," is further evidence that the Court's view is correct.

## II

I close by calling attention to a structural peculiarity in Section 150.002. The statutory text imposes rigid urgency on plaintiffs, directing them to file a certificate of merit "with the complaint," but does not expressly impose a corresponding deadline on defendants to raise the plaintiff's failure to comply. This asymmetry, when paired with the limitations period, invites strategic gamesmanship inconsistent with our systemic desire to "resolve cases on the merits" rather than "on procedural defects." *Bertucci v. Watkins*, 709 S.W.3d 534, 541-42 & n.8 (Tex. 2025) (citation omitted) (collecting cases).

The statute seems to expect similarly rapid responses from defendants, stating that a "defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of" a compliant affidavit. TEX. CIV. PRAC. & REM. CODE § 150.002(d). Nothing

---

[1] *E.g.*, TEX. EST. CODE § 751.212(d) ("The court shall dismiss an action . . . ."); TEX. BUS. ORGS. CODE § 9.156(d) (same); *id.* § 11.306(d) (same); TEX. HUM. RES. CODE § 36.113(b) (same); *id.* § 121.0041(h)(1) ("[T]he claimant may file a motion to dismiss the action . . . ."); TEX. TAX CODE § 42.08(d) ("[T]he court shall dismiss the pending action."); TEX. OCC. CODE § 2035.054(a) ("[A]ny party may move that the court dismiss the contestant's action . . . ."); TEX. HEALTH & SAFETY CODE § 841.147(b) ("A court shall immediately dismiss any action . . . ."); TEX. GOV'T CODE § 41.312(b) (same); *id.* § 2272.006(a) ("[T]he court, arbitrator, or other adjudicating authority shall dismiss the action without prejudice.").

in the statutory text, however, explicitly prevents a defendant from instead lying behind the log—participating in discovery, filing counterclaims, and otherwise litigating for months or even years— before raising the absence of a certificate of merit for the first time. But when the applicable limitations period has lapsed, the motion to dismiss turns into a case-dispositive proposition. In these situations, the plaintiff's right to seek relief is extinguished not by any deficiency in the merits of the claim but by the defendant's strategic silence during the limitations window. That reading of the statutory text, in other words, invites the possibility that a defendant may be rewarded for dilatory conduct.[2]

This problem is compounded by the statute's own procedural machinery. Subsection (f) grants an immediate interlocutory appeal from the trial court's ruling on a motion to dismiss, and subsection (e) requires a remand to determine whether the dismissal should be with or without prejudice. *Id.* § 150.002(e), (f). These proceedings can take years, as this case illustrates. And when combined with a defendant's strategic delay, plaintiffs often wind up with no meaningful opportunity to try again.

Our Legislature knows how to put motions to dismiss on a shot clock. *See, e.g.*, *id.* § 27.003(b) ("A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service . . . ."); TEX. R. CIV. P. 91a.3(a) (specifying motion to dismiss must

---

[2] This Court has never addressed whether, and if so at what point, a defendant can waive, forfeit, or otherwise lose its entitlement to dismissal. That question remains open, and I express no view on its proper resolution.

be "filed within 60 days after the first pleading containing the challenged cause of action is served"). And, as I have noted, this very statute already prescribes timing rules for the defendant's answer. TEX. CIV. PRAC. & REM. CODE § 150.002(d). I see no reason motions to dismiss could not be subjected to similar parameters.

### III

With these additional considerations, I concur.

Kyle D. Hawkins
Justice

**OPINION FILED:** May 29, 2026

9